Tavion Dquan LANDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–05–00084–CR.

Court of Appeals of Texas, Tyler.

Feb. 22, 2006.

---

Elmer C. Beckworth, Cherokee Co. Dist. Atty., Rusk & Michael F. Westbrook II, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## MEMORANDUM OPINION

DIANE DeVASTO, Justice.

Tavion Dquan Landon appeals his conviction for injury to a child, for which he was sentenced to ten years of imprisonment. In one issue, Landon contends that the evidence is insufficient to support his conviction. We reverse and remand.

### BACKGROUND

After waiving indictment, Appellant was charged by information with intentionally and knowingly causing bodily injury to a child less than fifteen[1] years of age. On the same date, December 13, 2001, another information was filed under the same cause number describing the same conduct, but alleging the mens rea of the offense as "reckless." Section 22.04(f) of the Texas Penal Code provides that the offense charged is a third degree felony when the conduct is committed intentionally or knowingly and is a state jail felony when the conduct is engaged in recklessly. TEX. PEN.CODE ANN. § 22.04(f) (Vernon 2003).[2]

On December 13, 2001, Appellant and his counsel signed an acknowledgment of waivers and a sworn plea of guilty waiver,

Jo Al Cannon Sheridan, for Appellant.

1. Section 22.04(c)(1) of the Texas Penal Code defines a child as "a person 14 years of age or younger." TEX. PEN.CODE ANN. § 22.04(c)(1)(Vernon 2003).

2. The punishment range of a third degree felony is imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000.

TEX. PEN.CODE ANN. § 12.34 (Vernon 2003). However, the punishment range of a state jail felony is confinement in a state jail for any term of not more than two years or less than 180 days and, in addition, a fine not to exceed $10,000. TEX. PEN.CODE ANN. § 12.35 (Vernon 2003).

stipulation, and judicial confession. In his stipulation and judicial confession, Appellant admitted to "recklessly caus[ing] bodily injury to" a child. Appellant also waived his time to file motions for new trial and in arrest of judgment and his right to appeal. At the hearing on his plea, Appellant stated that he understood he was being charged with the third degree felony offense of injury to a child and that he understood the range of punishment for such offense. After several admonishments, the trial court asked Appellant, "To the charges against you in Cause No. 14813, Mr. Landon, how do you plead, guilty or not guilty?" Appellant pleaded guilty. The State's only evidence admitted at trial to support Appellant's plea was the stipulation and judicial confession. The trial court deferred further proceedings without entering an adjudication of guilt and ordered that Appellant be placed on deferred adjudication community supervision for a period of two years.[3] The order described the charged offense as a third degree felony.

On December 29, 2003, the State filed an amended motion to adjudicate, alleging that Appellant had violated the terms of his community supervision. Appellant pleaded "true" to committing the acts alleged in the State's motion and waived his right to appeal. On June 8, 2004, the trial court revoked Appellant's community supervision, adjudicated Appellant guilty as charged in the information, and assessed punishment at ten years of imprisonment. However, the trial court ordered that imposition of the sentence be suspended and that Appellant be placed on community supervision for a period of five years.[4]

On December 10, 2004, the State filed a motion to revoke community supervision alleging that Appellant had violated the terms of his community supervision. Appellant pleaded "true" to five of the seven paragraphs of the State's allegations. However, Appellant pleaded "not true" to the State's allegations that he violated the terms of his community supervision by driving while intoxicated and by failing to report to his probation officer. On February 10, 2004, the trial court held a revocation hearing. At the conclusion of the hearing, the trial court found it "true" that Appellant violated the conditions of his community supervision in that he failed to report to his probation officer; failed to pay supervision fees, court costs, restitution, and attorney's fees; and also failed to perform community service. Accordingly, the trial court revoked Appellant's community supervision and assessed punishment at ten years of imprisonment.

On original submission, Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim. App.1969). After reviewing the record, we noted that it was unclear whether Appellant was convicted of a third degree felony or a state jail felony. Moreover, we observed that Appellant stipulated only to the reckless allegation. Thus, we granted counsel's motion to withdraw, abated the appeal, and remanded the cause to the trial court for a hearing to determine if Appellant was indigent and, if so, to appoint new legal counsel. Pursuant to additional instructions, Appellant's new counsel filed his brief, addressing the issue mentioned above.

### EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is insufficient to support a

---

**3.** TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(d) (Vernon Supp.2005).

**4.** TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (Vernon Supp.2005).

conviction for a third degree felony because the only evidence presented at the plea hearing supported a conviction for a state jail felony. Thus, Appellant contends that his sentence violates Texas Code of Criminal Procedure article 1.15. The State disagrees, arguing that Appellant's oral plea of guilty is a sworn oral judicial confession and is sufficient to support the conviction.

### Applicable Law

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed. *Nix v. State,* 65 S.W.3d 664, 667 (Tex.Crim.App.2001). Similarly, the sufficiency of the evidence to sustain a conviction cannot be collaterally attacked in an appeal from an order revoking probation. *Puckett v. State,* 801 S.W.2d 188, 191 (Tex. App.-Houston [14th Dist.] 1990, pet. ref'd). However, in both proceedings, there are exceptions to this general rule. *Nix,* 65 S.W.3d at 667. The only exception that applies in this case is the "void judgment" exception. *Id.* at 667. A void judgment is a "nullity" and can be attacked at any time. *Id.* at 667–68. However, a judgment is void only in very rare situations. *Id.* at 668. A judgment of conviction for a crime is void if the record reflects that there is no evidence to support the conviction. *Id.*

According to article 1.15 of the Texas Code of Criminal Procedure, no person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless he, upon entering a plea, has in open court in person waived his right of trial by jury in writing. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). However, article 1.15 also states that it is necessary for the State to introduce evidence into the record showing the guilt of the defendant and "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.* This evidence may be stipulated if the defendant consents in writing. *Id.* When the State introduces evidence, we affirm the trial court's judgment under article 1.15 if the evidence introduced embraces every essential element of the offense charged and is sufficient to establish the defendant's guilt. *Breaux v. State,* 16 S.W.3d 854, 857 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd) (citing *Stone v. State,* 919 S.W.2d 424, 427 (Tex.Crim.App.1996)); *Wright v. State,* 930 S.W.2d 131, 132 (Tex.App.-Dallas 1996, no pet.). *But see Williams v. State,* 950 S.W.2d 383, 384 n. 1 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (acknowledging a lack of consensus on the standard for reviewing evidence to support a judgment pursuant to article 1.15 of the Texas Code of Criminal Procedure); *Burger v. State,* 920 S.W.2d 433, 435 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd) (using the *Jackson v. Virginia* legal sufficiency standard to review the sufficiency of the stipulated evidence).

Although a plea of guilty is an admission of guilt of the offense charged, it does not authorize a conviction in a bench trial upon such plea unless there is evidence offered to support the plea and the judgment to be entered. *Dinnery v. State,* 592 S.W.2d 343, 351 (Tex.Crim.App.1979). A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15. *Id.* at 353. However, if a stipulation does not support a defendant's guilty plea, a court must determine if there is other evidence to support the guilty plea. *Id.* at 352. If a defendant testifies that he has read the indictment and that it is "true and correct" or that the allegations

in the indictment are "true and correct," this testimony constitutes a judicial admission of the offense charged and is sufficient to support a guilty plea. *Id.* at 352–54.

### Analysis

 Appellant pleaded guilty, judicially confessing and stipulating that he "recklessly caus[ed] bodily injury to a" child, a state jail felony. However, he was convicted of a third degree felony. The mens rea is an essential element of the offense of injury to a child. *See* Tex. Pen.Code Ann. § 22.04(a) (Vernon 2003). At the hearing on his guilty plea, Appellant simply pleaded guilty to "[c]ause no. 14813," not specifically to the third degree felony. As noted above, both the third degree felony information and the state jail felony information contain the same cause number and appear to have been filed at the same time. Appellant did not testify, did not state that he had read the information, and was not asked if the allegations in the information were true and correct. *See Dinnery,* 592 S.W.2d at 352–54. In fact, nowhere did Appellant stipulate or testify that the allegations in either information were true and correct. Appellant's judicial confession and stipulation, the only evidence contained in the record to support his conviction, omitted an essential element of a third degree felony offense of injury to a child-the mens rea. *See Breaux,* 16 S.W.3d at 857. As such, Appellant's collateral attack on his conviction from an order revoking probation is within the exception to the general rule because the record reflects that there is no evidence to support his conviction, i.e., the judgment on the third degree felony is "void." *See Nix,* 65 S.W.3d at 667–68. Moreover, because there is no evidence of the specific mens rea for a third degree felony offense of injury to a child as required by article 1.15 of the Texas Code of Criminal Procedure

and section 22.04(a) of the Texas Penal Code, the evidence is insufficient to support Appellant's conviction. Accordingly, Appellant's sole issue is sustained.

### CONCLUSION

After reviewing the record in this case and considering article 1.15, we hold that the evidence is insufficient to support Appellant's conviction. Therefore, we *reverse* the judgment of the trial court and order reformation of the judgment to reflect a conviction for a state jail felony offense. We also *remand* this cause for a sentencing hearing consistent with this opinion. *See Breaux,* 16 S.W.3d at 857 n. 3 (citing *Bender v. State,* 758 S.W.2d 278, 280–81 (Tex.Crim.App.1988); *Ex parte Martin,* 747 S.W.2d 789, 792–93 (Tex.Crim. App.1988)).