COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-07-099-CR

 

 

KHANTHAVONG CHINDAPHONE                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

 

           FROM THE
396TH DISTRICT COURT OF TARRANT COUNTY

 

 

                                              ------------

                                                    

 

                                             OPINION

                                                    

 

                                              ------------

Appellant Khanthavong Chindaphone pleaded guilty
to the offense of sexual assault, and the trial court sentenced him to ten
years=
confinement.  In a single issue,
Chindaphone contends that Athe
evidence is insufficient to support the conviction pursuant to Article 1.15 of
the Texas Code of Criminal Procedure.@  We will affirm.








In connection with his guilty plea, Chindaphone
executed a judicial confession that provided,

Upon my oath I swear my true name is Khanthavong
Chindaphone and I am 24 years of age; I have read the indictment or information
filed in this case and I committed each and every act alleged therein, except
those acts waived by the State.  All
facts alleged in the indictment or information are true and correct.  I am guilty of the instant offense as well as
all lesser included offenses . . . .  I
swear to the truth of all of the foregoing.[1]

On the same page as the judicial confession, Chindaphone=s
attorney, the prosecutor, and the trial court signed Chindaphone=s
waivers, which included the following:

In open court we join and
approve the waiver of jury trial . . . and the stipulations of evidence
pursuant to Art. 1.15, Code of Criminal Procedure . . . .  It is agreed that the Court may take judicial
notice of this document and the Court takes judicial notice of same.

 








The victim of the sexual assault, Amanda X.,
testified at the sentencing hearing that she and Chindaphone had dated for
about nine months and had engaged in a sexual relationship.  She testified that after they had broken up,
Chindaphone came to town to return some of her things.  Amanda X. testified that, during Chindaphone=s visit
to return her things, he pushed her, slapped her, and choked her.  Amanda next testified that she went to the
hospital and submitted to a rape exam.[2]


Texas Code of Criminal Procedure article 1.15
provides,

No person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless the defendant, upon entering a plea, has in open court in
person waived his right of trial by jury in writing in accordance with Articles
1.13 and 1.14;  provided, however, that
it shall be necessary for the state to introduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted by the
court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.  The evidence may be stipulated if the
defendant in such case consents in writing, in open court, to waive the
appearance, confrontation, and cross‑examination of witnesses, and
further consents either to an oral stipulation of the evidence and testimony or
to the introduction of testimony by affidavits, written statements of
witnesses, and any other documentary evidence in support of the judgment of the
court.  Such waiver and consent must be
approved by the court in writing, and be filed in the file of the papers of the
cause. 

 

Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).

 








The appellate standards of review announced in Jackson
v. Virginia[3]
and Clewis v. State[4]
are not applicable where the defendant enters a plea of nolo contendere or
guilty.  Praker v. State, No.
01-06-00030-CR, 2007 WL 1166381, at *2-3 (Tex. App.CHouston
[1st Dist.] Apr. 19, 2007, no pet.) (mem. op.) (not designated for
publication).  An appellate court will
affirm the trial court=s judgment under article 1.15 if
the State introduced evidence that embraces every essential element of the
offense charged and that is sufficient to establish the defendant=s
guilt.  Wright v. State, 930
S.W.2d 131, 132 (Tex. App.CDallas
1996, no pet.).  A judicial confession,
standing alone, is sufficient to sustain a conviction upon a guilty plea and to
satisfy the requirements of article 1.15. 
Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op.
on reh=g).

Here, Chindaphone executed a judicial confession
stating that he had read the indictment and had committed each and every act
alleged therein.  When the trial court
asked Chindaphone in open court, ATo the
charge of sexual assault, how do you plead, guilty or not guilty?@ he
responded, AI plead guilty.@  Chindaphone also executed a waiver that
provided, AIt is agreed that the Court may
take judicial notice of this document and the Court takes judicial notice of
same.@  The trial court=s
signature appears under this provision.  








When a trial court takes judicial notice of
adjudicative facts, it authorizes the fact-finder to accept the facts as true
without requiring formal proof.  Watts
v. State, 99 S.W.3d 604, 609‑10 (Tex. Crim. App. 2003).  Thus, as here, when the trial court takes
judicial notice of a judicial confession, the State is not required to
introduce the judicial confession into evidence.  Accord McDougal v. State, 105 S.W.3d
119, 120-21 (Tex. App.CFort Worth 2003, pet. ref=d)
(recognizing that A[t]he contents of the clerk=s record
are not evidence unless the trial court takes judicial notice of them or
they are offered into evidence.@)
(emphasis added).  And when the accused
specifically states in the judicial confession, AI have
read the indictment or information filed in this case and I committed each and
every act alleged therein,@ the
judicial confession standing alone is sufficient to support a guilty plea under
article 1.15 of the code of criminal procedure. 
See, e.g., Dinnery, 592 S.W.2d at 353; Tabora v. State,
14 S.W.3d 332, 337‑38 (Tex. App.CHouston
[14th Dist.] 2000, no pet.) (holding that form AWaiver
of Constitutional Rights, Agreement to Stipulate, and Judicial Confession@ signed
by appellant sufficiently supported plea of no contest under article 1.15); Scott
v. State, 945 S.W.2d 347, 348 (Tex. App.CHouston
[1st Dist.] 1997, no pet.) (holding that appellant=s
stipulation that he Aagree[d] that the elements of
the offense alleged [in the indictment] constitute the evidence in this case@
sufficiently supported a plea of no contest under article 1.15).[5]








In support of his contention that the evidence
does not support his guilty plea as required by article 1.15, Chindaphone
relies on the case of Landon v. State, 222 S.W.3d 75 (Tex. App.CTyler
2006, no pet.).  In Landon, the
defendant judicially confessed and stipulated that he had Arecklessly
caus[ed] bodily injury to a@ child,
a state jail felony.  Id. at
77.  But Landon was convicted of a
third-degree felony.  Id.; see
also Tex. Penal Code '
22.04(f) (Vernon 2003) (categorizing bodily injury to a child as a third-degree
felony if the conduct is committed intentionally or knowingly, but as a state
jail felony if the conduct is committed recklessly).  The appellate court noted that Landon Anowhere@
stipulated that the allegations in the informations returned against him were
true.  Landon, 222 S.W.3d at 79.
 Consequently, because mens rea is an
essential element of the offense of injury to a child and the only mens rea
stipulated to in Landon=s judicial confession was
recklessness, which will not support a third-degree felony injury to a child
offense, the appellate court held that the evidence was insufficient under
article 1.15 to support Landon=s guilty
plea.  Id.  The holding in Landon, however, is
inapplicable to the present facts where Chindaphone executed a judicial
confession that did indicate he had read the indictment and had committed each
and every act alleged therein.  In the
present case Chindaphone=s judicial confession, unlike
Landon=s, does
embrace every element of the charged offense.

For the reasons explained above, we overrule
Chindaphone=s sole issue and affirm the
judgment of the trial court.

 

SUE
WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED: November 8, 2007 








 

 

 

 

 

                                                                

 

                                                                

                                                        EXHIBIT
AA@











 
 
 
 
 




 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-099-CR 

 

 

KHANTHAVONG
CHINDAPHONE                                            APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------

This case again brings home the risks inherent in
canned guilty pleas.  Unlike most cases
in which the defendant waives a record, in this case the court reporter has
provided a verbatim transcription of the proceeding.








Although the majority correctly points out that A[a]n
appellate court will affirm the trial court=s
judgment under article 1.15 if the State introduced evidence that embraces
every essential element of the offense charged and that is sufficient to
establish the defendant=s guilt,@[6] here,
the State introduced no evidence until the punishment phase.  Even then, the State offered no evidence of
the elements of the offense charged and no evidence of a judicial confession by
Appellant, nor did the State ask the judge to take judicial notice of a
judicial confession.  

The printed boilerplate language of a six-page
document provides the following language:

In open court we join and approve the waiver of jury trial pursuant to
Art. 1.13, Code of Criminal Procedure and the stipulations of evidence pursuant
to Art. 1.15, Code of Criminal Procedure. 
We further agree and consent to the admission of guilt of any
unadjudicated offense under Sec. 12.45, Texas Penal Code.  It is agreed that the Court may take judicial
notice of this document and the Court takes judicial notice of same.  

 

The subtitle of this portion of the six-page
document is APPLICATION FOR COMMUNITY SUPERVISION.  The admonishments, plea agreement, waiver of
all rights to appeal, waivers of other rights, and the judicial confession were
file marked Jan. 12, 2007 at 10:57.  The
reporter=s record
does not reflect any reference to the judicial confession.  Nothing in the record tells us whether the
judicial confession existed at the time of the plea.  We do not know whether the judicial confession
and other waivers were executed or filed before or after the hearing at which
the court accepted Appellant=s plea.








Had the State offered Appellant=s
judicial confession into evidence, there would be no question whether the
constitutional and statutory due process requirements were met.[7]  As the record stands, it is unclear whether
the document referred to in the judicial notice portion of the boilerplate
language is the document containing the application for community supervision
or the entire document containing the plea agreement, waivers, and judicial
confession.  What is clear from the
record is that no one offered stipulations or the judicial confession into
evidence or asked the trial court to take judicial notice of a judicial
confession.  Nor did the trial court
announce that it was aware of the existence of a judicial confession.  

Were there no reporter=s
record, we would presume procedural regularity.[8]  As the record stands, we have only the trial
court=s
reference to Athese papers,@ but no
explanation of what Athese papers@
are.  We cannot make presumptions that
are contradicted by the record before us.








At first glance, it would seem that we could hold
that the documents in the clerk=s record
state what they state and that Appellant is bound by that language.  But the record shows that Appellant was not
bound by the language.  For example, the
boilerplate language states that the defendant waived the making of a PSI, yet
the agreed plea bargain recommendation is AOpen
Plea with PSI,@ and the trial judge recessed
the plea hearing so that a PSI could be completed.  Included in the boilerplate language is the
statement, AI give up and waive any and all
rights of appeal in this case,@ yet a
document not bearing a filemark informs Appellant of his right to appeal.  And, indeed, this case is before us because
Appellant appealed.  Additionally,
Appellant also waived the making of a record, yet the court reporter did make a
record.  The waivers also include such
language as, AIf I am proceeding by felony
information, I give up and waive my right to indictment by a grand jury,@ and AI give
up and waive all rights given to me by law; whether of form, substance, or
procedure under Art. 1.14, Code of Criminal Procedure,@ yet
clearly, Appellant did not waive his right to a grand jury indictment because
the clerk=s record contains the
indictment.    Due process does not preclude written admonishments and written
judicial confessions.  But when the
admonitions and waivers are as broad as they are in this case, they become
meaningless.  We cannot say with
assurance that they existed when the court accepted Appellant=s plea
or that they were intelligible, and nothing in the record assures us that the
State sustained its burden of introducing evidence to prove each element of the
offense charged. 








On March 9, 2007, the court reconvened, and both
Appellant and the complainant testified. 
But neither testified to the elements of the offense.  At that hearing, the trial court found
Appellant guilty of sexual assault and assessed punishment.  Again, there was no reference to a judicial
confession.

The State had only to ask that the judicial confession
be admitted into evidence or that the trial court take judicial notice of the
judicial confession.  But the record
shows that neither step occurred. 
Consequently, I would hold the evidence insufficient to support
Appellant=s guilty plea, reverse the
conviction, and remand the case to the trial court.  Because the majority does not, I must
respectfully dissent.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED: November 8, 2007











[1]Contrary to the dissent=s position, a judicial
confession which includes the defendant=s name and age and is signed specifically by the
defendant is not Aboilerplate.@  Nor can we agree with the dissent=s characterization of the
document at issue.  The language quoted
above is not included under the AApplications for Community Supervision@ part of the document but
instead is a paragraph signed separately and set off by stars.  See Exhibit A.





[2]The State concedes that
there is a gap in Amanda X.=s testimony but argues that Amanda=s testimony nonetheless
embraces every element of the offense because she would not have submitted to a
rape exam absent an assault.





[3]443 U.S. 307, 99 S. Ct.
2781 (1979).





[4]922 S.W.2d 126 (Tex.
Crim. App. 1996).





[5]Nor can we interject some
invalidity into Chindaphone=s judicial confession, as the dissent apparently
does, from the fact that the trial court provided Chindaphone with rights that
Chindaphone had waived.  This inured to
Chindaphone=s benefit and surely does
not diminish the sufficiency of the evidence supporting his guilty pleaCwhich is the sole issue
before us. 





[6]Majority op. at 4. 





[7]See Dinnery v. State,
592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh=g).  





[8]Amador v. State, 221 S.W.3d 666, 679
(Tex. Crim. App. 2007).