# NO. 12-07-00001-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT LEE MENEFEE,*<br>*APPELLANT* | § | *APPEAL FROM THE SEVENTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert Lee Menefee appeals his conviction for possession with intent to deliver a controlled substance, namely cocaine. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). After reviewing the record, we abated the appeal and remanded the case to the trial court to appoint new counsel to represent Appellant, review the record, and file a brief on the merits for Appellant. As instructed, Appellant filed a new brief on appeal, arguing that the evidence is insufficient to support his conviction and that his trial counsel rendered ineffective assistance by allowing him to be convicted on insufficient evidence. We affirm.

## BACKGROUND

Appellant was charged by indictment for possession with intent to deliver a controlled substance, namely cocaine, in an amount of one gram or more but less than four grams, including

any adulterants and dilutants.[1]  The indictment alleged, in the portion relevant to this appeal,  that "on or about the 26th day of January, 2006, . . . ROBERT MENEFEE did then and there possess with intent to deliver, a controlled substance, namely, cocaine, in an amount of one (1) gram or more but less than four (4) grams, including any adulterants and dilutants."  The indictment also alleged that Appellant committed the offense within 1,000 feet of a premises owned, rented, or leased by an institution of higher learning, or within a drug free zone.[2]  Further, the indictment alleged that prior to the commission of the offense, Appellant was convicted of the felony offense of possession of a controlled substance.[3]

On October 2, 2006, Appellant entered an "open" plea of guilty to the offense charged in the indictment. Appellant and his counsel signed an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a stipulation of evidence in which Appellant swore that such stipulation constituted the evidence in this case.  According to the stipulation of evidence, Appellant stipulated that he "did then and there with intent to deliver, a controlled substance, namely, cocaine, in an amount of one (1) gram or more but less than four (4) grams, including any adulterants and dilutants."  The word "possess" was omitted from the stipulation of evidence.  After Appellant was sworn in at the plea hearing, he waived the reading of the indictment. The trial court stated, "Mr. Menefee, in your case the grand jury returned an enhanced first degree felony charge of possession of a controlled substance with intent to deliver," and then recited the applicable range of punishment.  The trial court asked Appellant if he understood the range of punishment.  Appellant replied, "Yes, sir."

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003).  An offense under subsection (a) is a second degree felony if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon 2003).

[2] An offense otherwise punishable as a second degree felony under section 481.112 is punishable as a first degree felony if it is shown that the offense was committed in, on, or within 1,000 feet of premises owned, rented, or leased by an institution of higher learning. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b)(1)(Vernon Supp. 2008).

[3] If it is shown on the trial of a first degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment for life, or for any term of not more than ninety-nine years or less than fifteen years and, in addition, a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (Vernon 2003).

The trial court then said, "Knowing that that's the range of punishment, the paperwork that's been provided to me that indicates that you've decided to enter an open plea of guilty in relation to that particular charge and leave it to the court to decide what type of punishment should be assessed. Is that correct?" Appellant agreed that it was. The trial court then asked, "As to that charge in the indictment as we've just covered, how do you plead, guilty or not guilty?" Appellant pleaded guilty. The only evidence offered by the State was the "plea packet," which was admitted into evidence and included Appellant's signed and written stipulation of evidence. Appellant pleaded "true" to the prior felony conviction enhancement paragraph. The trial court adjudged Appellant guilty of possession with intent to deliver a controlled substance.

At the sentencing hearing on December 1, the trial court took judicial notice and reviewed the presentence investigation report ("PSI").[4] The trial court assessed Appellant's punishment at fifty-six years of imprisonment and a $10,000 fine. Appellant's first appellate attorney filed a brief in compliance with *Anders* and *Gainous*, stating there was no error on which an appeal could be predicated. That attorney also moved for leave to withdraw. Appellant filed a pro se brief in which he raised two issues. He argued that his counsel rendered ineffective assistance for failing to interview a material witness and by intentionally and willfully withholding evidence. Further, he contended that the judge who issued the search warrant in this case had a conflict of interest and should have been disqualified, rendering the search warrant invalid.

We thoroughly reviewed the record, and discovered that the word "possess" was omitted from the stipulation of evidence. We concluded that the absence of this crucial word in the stipulation of evidence could present an arguable issue for appeal. As such, we abated the appeal and remanded the case to the trial court to appoint new appellate counsel to represent Appellant, review the record, and file a brief on the merits. *See Menefee v. State*, No. 12-07-00001-CR, 2008 WL 787851, at *3 (Tex. App.–Tyler Mar. 26, 2008, no pet.) (mem. op., not designated for publication). Accordingly, Appellant filed a new brief on appeal, arguing that the evidence is insufficient to support his conviction and that his trial counsel rendered ineffective assistance by allowing him to be convicted on insufficient evidence.

---

[4] The PSI was not included in the record provided on appeal.

In his first issue, Appellant contends the evidence is insufficient to support his conviction. More specifically, he argues that there was no evidence to support his guilty plea.

**Standard of Review**

According to article 1.15 of the Texas Code of Criminal Procedure, no person can be convicted of a felony except on the verdict of a jury duly rendered and recorded, unless he, upon entering a plea, has in open court in person waived his right of trial by jury in writing. TEX. CODE CRIM. PROC. ANN. art 1.15 (Vernon 2005). Article 1.15 also states that it is necessary for the state to introduce evidence into the record showing the guilt of the defendant, and "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.* This evidence may be stipulated if the defendant consents in writing, in open court, to waive the appearance, confrontation, and cross examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. *Id.* If the defendant elects to stipulate to evidence against him, his stipulation is a kind of judicial admission, a "formal confession[ ] in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005) (quoting John W. Strong, et al., MCCORMICK ON EVIDENCE § 255 (5th ed. 1999)).

Although a plea of guilty is an admission of guilt of the offense charged, it does not authorize a conviction in a bench trial upon such plea unless there is evidence offered to support the plea and the judgment to be entered. *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex. Crim. App. 1979). A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15. *Id.* at 353. When the state introduces evidence, an appellate court affirms the trial court's judgment under article 1.15 if the evidence introduced embraces every essential element of the offense charged and is sufficient to establish the defendant's guilt. *Breaux v. State*, 16 S.W.3d 854, 857 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd) (citing *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996)); *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.–Dallas 1996, no pet.). *But see Williams v. State*, 950 S.W.2d 383, 384 n.1 (Tex.

4

App.–Houston [1st Dist.] 1997, pet. ref'd) (acknowledging a lack of consensus on the standard for reviewing evidence to support a judgment pursuant to article 1.15 of the Texas Code of Criminal Procedure); *Burger v. State*, 920 S.W.2d 433, 435 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd) (using the *Jackson v. Virginia* legal sufficiency standard to review the sufficiency of the stipulated evidence).

If a stipulation does not support a defendant's guilty plea, a court must determine if there is other evidence to support the guilty plea. *Dinnery*, 592 S.W.2d at 352. If a defendant testifies that he has read the indictment and that it was "true and correct" or that the allegations in the indictment were "true and correct," this testimony constitutes a judicial admission of the offense charged and is sufficient to support a guilty plea. *Id.* at 352-54. Likewise, if a defendant testifies that he was pleading guilty "just as he was charged in the indictment," that is a sufficient judicial confession to support a guilty plea under article 1.15. *Cooper v. State*, 573 S.W.2d 533, 535 (Tex. Crim. App. [Panel Op.] 1978).

**Application**

The State must introduce evidence embracing each and every element of the charged offense. *See Breaux*, 16 S.W.3d at 857. In the present case, the stipulation of evidence admitted into evidence was insufficient to support the conviction because it lacked an essential element of the charged offense, i.e., "possession." However, there is no requirement that all of the evidence to support a guilty plea be contained in the written stipulation of evidence. *See Dinnery*, 592 S.W.2d at 352. In this case, Appellant was sworn in at the beginning of the plea hearing. The trial court, in the course of the plea, asked Appellant, "Mr. Menefee, in your case the grand jury returned an enhanced first degree felony charge of possession of a controlled substance with an intent to deliver," and then reviewed the range of punishment applicable to that charge. After Appellant agreed that he was entering an "open" plea of guilty to that charge, the trial court asked, "As to that charge in the indictment as we've just covered, how do you plead, guilty or not guilty?" Appellant responded, "Guilty, Your Honor."

Because Appellant orally pleaded guilty "[a]s to that charge in the indictment"–possession of a controlled substance with intent to deliver–he supplied the element of possession, which was included in the indictment but omitted from his stipulation of evidence. *See Dinnery*, 592 S.W.2d

5

at 352; *Cooper*, 573 S.W.2d at 535. The evidence admitted at the plea hearing included Appellant's oral guilty plea "[a]s to that charge in the indictment" and his written sworn stipulation of evidence, and, thus, embraced every essential element of the charged offense. *See Breaux*, 16 S.W.3d at 857. Therefore, the evidence is sufficient to support Appellant's conviction for possession with intent to deliver a controlled substance. Accordingly, Appellant's first issue is overruled.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his second issue, Appellant argues that his trial counsel rendered ineffective assistance by allowing him to be convicted on insufficient evidence. More specifically, he contends that his trial counsel allowed him to be found guilty or sentenced "where there was no evidence offered to support the plea of guilty." According to Appellant, his trial counsel allowed him "to be sentenced with no evidence that [he] actually possessed anything." Thus, Appellant argues that his written stipulation of evidence supporting his guilty plea "utterly fails."

## Applicable Law

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable

6

probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Further, review of a trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712.

**Analysis**

We have no evidence from trial counsel's perspective concerning why he did not raise the omitted portion of Appellant's written stipulation of evidence. When the record is silent about trial counsel's reasons for choosing a particular course of action, finding trial counsel ineffective would call for speculation by an appellate court. *See Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). We will not engage in such speculation. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Nonetheless, we have already concluded that the evidence admitted at the plea hearing, Appellant's oral guilty plea "[a]s to that charge in the indictment" and his written stipulation of evidence embraced each and every element of the charged offense sufficient to support his conviction. Thus, Appellant has not met his burden to prove, by a preponderance of the evidence, that this aspect of trial counsel's representation fell below the standard of prevailing professional norms.

Further, even if trial counsel's failure to raise the omission of the word "possession" constituted deficient performance, Appellant has not shown that he suffered prejudice. Appellant voluntarily pleaded guilty to the charged offense and, specifically, the offense charged in the indictment referenced by the trial court at the plea hearing. Based upon a review of the record before us, we cannot conclude as a matter of law that Appellant has shown there is a reasonable probability of a different result if his trial counsel had raised the omission of the word "possession" from his written stipulation of evidence prior to the plea hearing. Accordingly, Appellant's second issue is overruled.

**DISPOSITION**

The judgment of the trial court is ***affirmed***.

  SAM GRIFFITH  
Justice

Opinion delivered September 24, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J., dissenting.*

7

I respectfully dissent. Because Appellant's plea of guilty is not supported by evidence that Appellant possessed cocaine, the evidence is insufficient to support Appellant's conviction. Accordingly, I would reverse the judgment of the trial court and remand the case for further proceedings.

## BACKGROUND

Appellant was charged with possession with the intent to deliver a controlled substance, cocaine, in an amount of one gram or more but less than four grams, including any adulterants and dilutants. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003). Because of enhancement paragraphs contained in the indictment, Appellant faced a punishment range of imprisonment for life, or for any term of not more than ninety-nine years or less than fifteen years and, in addition, a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (Vernon 2003).

Before the case proceeded to trial, Appellant entered an "open" plea of guilty to the offense charged. At the hearing in which Appellant pleaded guilty, after some initial admonishments, the trial court asked Appellant if he wished to have the indictment read to him or if he desired to waive the reading of the indictment. Appellant waived the reading of the indictment. The trial court then stated the range of punishment faced by Appellant, and Appellant acknowledged that he understood the range of punishment. The trial court asked Appellant if he desired to "enter an open plea of guilty in relation to that particular charge" and have the trial court decide the punishment to be assessed. Appellant answered, "That's correct, Your Honor." Finally, the trial court stated "As to that charge in the indictment as we've just covered, how do you plead, guilty or not guilty?" Appellant responded "Guilty, Your Honor."

The State offered Appellant's voluntary written stipulation of evidence that was admitted into evidence without objection. However, Appellant's written stipulation of evidence omitted the word "possess." Instead, Appellant stipulated only that "[he] did then and there with intent to deliver, a controlled substance, namely, cocaine" in an amount of one gram or more but less than four grams, including adulterants and dilutants. The trial court found Appellant guilty of possession with intent to deliver a controlled substance.

Later, at a sentencing hearing, the trial court assessed Appellant's punishment at fifty-six years of imprisonment and a $10,000 fine. Appellant appealed. After his first appellate counsel filed an ***Anders***[5] brief, we abated the appeal and remanded the case to the trial court to appoint new appellate counsel. Appellant's new appellate counsel then filed a brief raising two issues: whether there was sufficient evidence for the trial court to find Appellant guilty, and whether trial counsel rendered ineffective assistance.

## TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 1.15

In his first issue, Appellant argues that the evidence was insufficient to support the trial court's judgment that Appellant was guilty of possession with intent to deliver a controlled substance.

---

[5] ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Even when a defendant pleads guilty, the state must introduce evidence into the record showing the guilt of the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005); *Landon v. State*, 222 S.W.3d 75, 78 (Tex. App.–Tyler 2006, no pet.)("Although a plea of guilty is an admission of guilt of the offense charged, it does not authorize a conviction in a bench trial upon such plea unless there is evidence offered to support the plea and the judgment to be entered."). A defendant cannot be convicted upon his plea unless there is sufficient evidence to support the plea and the conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. The evidence sufficiently supports the conviction if the evidence introduced embraces every essential element of the offense charged and is sufficient to establish the defendant's guilt. *Landon*, 222 S.W.3d at 78. Thus, a judicial confession alone sufficiently supports a guilty plea so long as it embraces every essential element of the offense charged. *Breaux v. State*, 16 S.W.3d 854, 856-57 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). A judicial confession is a statement by the defendant given voluntarily before a magistrate, or a court, in the due course of legal proceedings. *Id*. at 856.

When a judicial confession or stipulation does not support a defendant's conviction on a guilty plea, we must determine if there is other evidence to support the conviction. *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex. Crim. App. 1979); *Landon*, 222 S.W.3d at 78. Courts have found other evidence sufficient to support a conviction based on a guilty plea where the defendant stated that he had read the indictment and the indictment was true and correct, *Dinnery*, 592 S.W.3d at 352-54, where the defendant stated that he was pleading guilty just as he was charged in the indictment and that he was saying he was guilty regardless of what punishment the court would assess, *Cooper v. State*, 573 S.W.2d 533, 535 (Tex. Crim. App. [Panel Op.] 1978), and where the defendant signed confessions that he committed the offenses as charged in the indictments and then testified that the confessions were "substantially true and correct." *Potts v. State*, 571 S.W.2d 180, 181 n.1, 182 (Tex. Crim. App. [Panel Op.] 1978).

Here, Appellant's judicial confession did not embrace every essential element of the offense charged. *See Breaux*, 16 S.W.3d at 856-57. Specifically, Appellant's judicial confession omitted the word "possess." Unlike *Dinnery*, Appellant never stated that he had read the indictment or that the allegations in the indictment were true and correct. *See Dinnery*, 592 S.W.2d at 352. In fact, Appellant did not even state that he was pleading guilty "just as he was charged in the indictment" and that "he was saying he was guilty regardless of what punishment the court would assess" as in *Cooper*. *See Cooper*, 573 S.W.2d at 535. Instead, Appellant's testimony before the trial court in this case was a barebones plea of "Guilty, Your Honor." Further, Appellant's written stipulation of evidence did not state that Appellant was guilty "as charged in the indictment" or include any similar "catch-all" provision. *See Breaux*, 16 S.W.3d at 857 n.2. Thus, the State presented a stipulation of evidence that omitted an essential element of the crime and failed to buttress that stipulation with any testimony of Appellant or any other evidence that supported Appellant's guilty plea.[6]

---

[6] On appeal, the State argues that the presentence investigation report ("PSI") provided to the trial court at the sentencing hearing contains evidence establishing Appellant's guilt. However, the PSI was not offered into evidence during the hearing and is not a part of the record on appeal. We, therefore, do not consider whether the PSI provides evidence to support the conviction in this case. *See Brewer v. State*, No. 12-01-00369-CR, 2004 Tex. App. LEXIS 6963, at *3-4 (Tex. App.–Tyler July 30, 2004, no pet.)(me. op., not designated for publication)("Although a defendant's prior conviction can be established through judicial notice of the contents of the court's files, including the contents of a PSI, the PSI must be in the appellate record if an appeal is taken. Otherwise, the reviewing court

The majority focuses upon the trial court's wording of the trial court's question to Appellant. However, the fact that the trial court specifically referenced the "charge in the indictment" before Appellant pleaded guilty is not evidence supporting the conviction. Simply put, the state is required to support a conviction on a plea of guilty with evidence embracing every essential element of the offense charged. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; ***Landon***, 222 S.W.3d at 78. In this case, the State did not fulfill its obligation.

**CONCLUSION**

On these facts, I would find the evidence insufficient to support the conviction, and I would sustain Appellant's first issue.[7] Because Appellant voluntarily entered a plea of guilty, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution does not preclude a second trial. *See **Breaux***, 16 S.W.3d at 857 n.3. I, therefore, would reverse and remand the cause to the trial court for further proceedings. Because the majority has instead overruled Appellant's first issue, I respectfully dissent.

BRIAN HOYLE
Justice

(DO NOT PUBLISH)

---

cannot determine (1) whether the source information actually establishes the judicially-noticed fact and (2) whether the trial court erred in taking judicial notice based upon the quality of the source information.")[internal citations omitted]. Even assuming that a trial court taking judicial notice of a PSI could ever sufficiently support a conviction with a guilty plea, the record in this case forecloses that result.

[7] Because I would sustain Appellant's first issue, I would not reach Appellant's second issue. *See* TEX. R. APP. P. 47.1.

10