NO. 07-08-0036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 12, 2008
______________________________

ALVIN MIKE GARZA,

                                                                                      Appellant

v.

THE STATE OF TEXAS, 

                                                                                      Appellee
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16807-0605; HON. ED SELF, PRESIDING
                                                                _______________________________

Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Alvin Mike Garza (appellant) appeals his conviction for attempted aggravated
assault. However, he does so after pleading guilty, being sentenced to ten years
imprisonment, having that sentenced suspended, being placed on probation, and having
his probation revoked. Through two issues, he asserts that he should be freed because
there is no evidence illustrating that he committed aggravated assault. That is, the State
purportedly failed to present evidence establishing either factor elevating an assault to an
aggravated assault. This omission purportedly rendered the crime for which he was
prosecuted to be nothing more than a misdemeanor, and it being a misdemeanor, the
district court could not convict him for committing a felony. We overrule that issue but
nonetheless reverse the judgment.  
          We note that the record contains a stipulation of evidence signed by appellant. In
it, he stated that on “ the 25th day of February . . . 2006, . . . [he] did then and there:
intentionally, knowingly, or recklessly attempt[ed] to cause serious bodily injury to Norma
Marmolego, by striking . . . [her] in the face with a closed fist.”


 (Emphasis added). We
also note that aggravated assault consists of an assault 1) which causes serious bodily
injury to another or 2) during which the assailant used or exhibited a deadly weapon. Tex.
Penal Code Ann. §§ 22.01-.02 (Vernon Supp. 2008). In comparing our two notations
above with each other, we discover the language in the signed admission contained the
aggravating factors needed to prove aggravated assault. See Landon v. State, 222
S.W.3d 75, 78 (Tex. App.–Tyler 2006, no pet.) (stating that while the State must offer
evidence establishing the elements of the crime despite the accused’s plea of guilty, that
requirement is satisfied by the accused signing a stipulation of evidence wherein he admits
the elements of the crime to which he pled). This, then, causes us to reject the issues
raised by appellant. Yet, that does not mean we are finished with this matter.
          A problem with the judgment remains. It encompasses the crime for which appellant
was convicted and received punishment. That is, the State charged appellant by
information as opposed to indictment, and appellant waived his right to prosecution via
indictment. Through the waiver, he agreed to “be tried for the said offense upon an
Information and complaint to be filed and presented by the District Attorney.” A complaint
and information were then filed. In both those documents, the State described the charge
for which appellant was being prosecuted as his having “. . . intentionally, knowingly, or
recklessly attempt[ed] to cause bodily injury to Norma Marmolego, by striking the said
Norma Marmelejo in the face with a closed fist.” Absent from the allegation, however, was
a word included in the aforementioned stipulation of evidence, and that word was “serious.” 
This is of import for without that word, the factors needed to aver aggravated assault were
missing from the particular charging instrument under which appellant agreed to be tried. 
And, while it may be that the parties intended to modify the charging instrument in a
manner consistent with the stipulation of evidence, they did not make the necessary
interlineations on the existing information or include a document showing the change in the
record. See Riney v. State, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (stating that an
amendment is effectuated by physically altering the instrument or by incorporating a new
charging instrument in the record). 
          Next, statute provides that one who intentionally, knowingly, or recklessly causes
another to suffer bodily injury commits simple assault under §22.01(a)(1) of the Texas
Penal Code, as opposed to aggravated assault. Given this, the charging instrument
contained in the record encompasses nothing more than simple assault. Yet, the trial court
convicted him of aggravated assault. Additionally, assault under §22.01(a)(1) is a class
A misdemeanor, unlike aggravated assault, which is a felony. Tex. Penal Code Ann.
§22.01(b) (Vernon Supp 2008).


 This, in turn, means that appellant’s punishment for
committing the offense charged in the information was restricted to no more than a year
in jail, a fine not exceeding $4000, or both. Tex. Penal Code Ann. §12.21(1), (2) & (3)
(describing the punishment attributable to a class A misdemeanor). Yet, a ten year term
of imprisonment was levied upon appellant. 
          So, what we have before us is a scenario wherein the trial court convicted appellant
for a crime other, and much greater, than that contained in the charging instrument and
levied a sentence exceeding the maximum applicable to the crime encompassed by the
actual charging instrument. Neither is permissible. 
          Accordingly, we reverse the judgment convicting appellant of attempted aggravated
assault and remand the cause for further proceedings, which includes the determination
of whether the trial court had jurisdiction over the misdemeanor offense.
 
                                                                           Brian Quinn
                                                                          Chief Justice
Publish.