

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00240-CR

———————————————————

WENDY DIANE FOX, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 51,754-A

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Wendy Diane Fox appeals her conviction, contending that her judicial confession is inadequate under two principles—the void judgment exception and Article 1.15 of the Texas Code of Criminal Procedure—which she attempts to fuse together into a single, unified rule. We hold that the law does not support a fusion of these two incompatible principles. We further hold that Fox's divisible challenges under the void judgment exception and Article 1.15, taken separately, must fail for separate reasons. We therefore affirm.

### I. BACKGROUND

In 2011, a grand jury indicted Fox for the offense of improper relationship between educator and student. A warrant affidavit described Fox's admission of how the offense occurred. Fox told police that she became acquainted with an eighteen-year-old male student while working as a substitute teacher at Iowa Park High School in January of 2011. She stated that between January and May of 2011, she regularly met the student at a local lake, and the two became good friends. In May of 2011, the student asked Fox to come to his house, which she did. Fox told police that this was the first of four times that they had sexual intercourse and that their last encounter was in June 2011. Fox's account of the relationship was confirmed by the student and his friend.

In 2012, Fox pleaded guilty pursuant to a plea bargain. She signed a judicial confession in which she stipulated that on or about June 10, 2011, while she was an

employee of Iowa Park High School, she intentionally or knowingly engaged in sexual intercourse with a student. Fox acknowledged, in writing and in open court, that her plea and confession were admissions of all elements necessary to constitute the offense. The trial court admitted her confession into evidence, accepted her plea, and, pursuant to the State's recommendation, deferred adjudication and placed her on community supervision for a period of eight years.

In 2016, the State moved to adjudicate guilt, alleging that Fox had violated the terms of her community supervision. Fox agreed to serve a jail sanction and to undergo sex-offender treatment, and she was continued on deferred adjudication.

In 2018, the State again moved to adjudicate guilt. The State presented evidence that Fox had failed to report to the probation department as required, had tested positive for opiates, and had twice been unsuccessfully discharged from sex-offender treatment. After considering the evidence, the trial court revoked Fox's community supervision and sentenced her to nine years' confinement. Fox appeals.

## II.    DISCUSSION

In her sole issue, Fox argues that there is a complete lack of evidence to support her initial guilty plea, rendering the judgment void. According to Fox, there are gaps and inconsistencies in her judicial confession that render the evidence insufficient under Article 1.15 of the Texas Code of Criminal Procedure.

Fox is attempting to combine two distinct principles. First, she is invoking Code of Criminal Procedure Article 1.15, which requires the State to introduce sufficient

evidence of guilt even when a defendant pleads guilty. Second, and at the same time, Fox is raising the void judgment exception, which provides that on appeal from revocation, an appellant may challenge a judgment that is supported by no evidence. Fox would join these two principles into a single argument, but as we explain, the law does not support such a hybridization. Rather, each principle must be considered separately, and for separate reasons, Fox's challenge under each principle fails.

Article 1.15 is a "procedural safeguard required by the State of Texas but not by federal constitutional law." *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). Article 1.15 requires that when a defendant pleads guilty, the State must nonetheless introduce evidence showing the guilt of the accused. Tex. Code Crim. Proc. Ann. art. 1.15. This article provides that "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.* Evidence is sufficient under Article 1.15 if it embraces every element of the charged offense, such as where the defendant gives into evidence a judicial confession that "covers all of the elements" of the offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Thus, a conviction on a guilty plea might fail for insufficiency if the judicial confession completely omitted an element of the offense. *Breaux v. State*, 16 S.W.3d 854, 857 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Fox argues that certain gaps and flaws in her judicial confession render the evidence insufficient under Article 1.15, but the procedural posture of this case prevents us from considering Fox's sufficiency challenge. A defendant placed on deferred-

4

adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred-adjudication community supervision is first imposed. *Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Sufficiency challenges, like those raised under Article 1.15, cannot be raised on appeal from revocation. *Manuel*, 994 S.W.2d at 662. Thus, to the extent that Fox disputes the sufficiency of her judicial confession under Article 1.15, her challenge cannot be considered on appeal from revocation. *See id.*

There is an exception to the rule of *Manuel*, though, for judgments that are void. *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016). The void judgment exception requires that the claimed defect be one that renders the original judgment of conviction a "nullity" that is "accorded no respect due to a complete lack of power to render the judgment in question." *Id.* (quoting *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001)). In *Nix*, the court outlined four situations in which a judgment of conviction is void, one of which occurs when the record reflects that there is "no evidence to support the conviction." 65 S.W.3d at 668. "For the judgment to be void, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence." *Id.* at 668 n.14. "And a guilty plea constitutes some evidence for this purpose." *Id.* Thus, to the extent that Fox argues that the judgment is void because there is no evidence to support her conviction, her guilty plea itself supplies the necessary measure of proof. *See id.*

Fox asks us to merge this void judgment inquiry with an Article 1.15 inquiry, but there are several points of incompatibility that prevent any marriage of the two. A void judgment inquiry poses a question (is there *no* evidence to support the judgment, not merely *insufficient* evidence?) that is very different from an Article 1.15 inquiry (is there *insufficient* evidence to support the judgment?). A guilty plea has a different effect on the resolution of each of these questions. Under binding precedent, a guilty plea by itself is enough evidence to satisfy a void judgment inquiry. *See id.* But a guilty plea cannot be enough evidence to satisfy an Article 1.15 inquiry, because Article 1.15 requires the State to introduce "sufficient evidence" showing a defendant's guilt even when a defendant pleads guilty. *See* Tex. Code Crim. Proc. Ann. art. 1.15. And again, an Article 1.15 sufficiency challenge may be procedurally defaulted, but a challenge under the void judgment exception may not. We must respectfully reject Fox's attempt to amalgamate these two incompatible principles into a single argument.[1] *See Diaz v. State*, No. 03-15-00539-CR, 2016 WL 1084398, at \*5 n.3 (Tex. App.—Austin Mar. 17, 2016, no pet.) (mem. op., not designated for publication) (separating an Article 1.15 sufficiency challenge from a void judgment challenge and addressing both individually).

---

[1]Fox cites *Landon v. State* for the proposition that these two inquiries can be combined. 222 S.W.3d 75, 78–79 (Tex. App.—Tyler 2006, no pet.) (mem. op.). We believe that *Landon* reached the correct result. But to the limited extent that *Landon* can be read as blessing a merger of these two inquiries in every case, we decline to adopt its reasoning.

Still, construing her brief liberally and dividing her argument into its constituent parts, we believe that Fox can be given credit for raising two cognizable arguments within the same issue:  an Article 1.15 challenge and a void judgment challenge.  Her Article 1.15 challenge fails because sufficiency arguments regarding the original plea proceedings cannot be raised on appeal from revocation.  *See Manuel*, 994 S.W.2d at 661–62.  Her void judgment challenge fails because the guilty plea is itself enough evidence to prevent the judgment from being void.  *See Diaz*, 2016 WL 1084398, at *5 n.3 (holding that appellant's sufficiency challenge under Article 1.15 was procedurally defaulted under *Manuel*, while appellant's void judgment challenge failed because the guilty plea was itself enough evidence to prevent the judgment from being void); *Crume v. State*, 342 S.W.3d 241, 244 (Tex. App.—Beaumont 2011, no pet.) (similar).

Because Fox's hybrid argument is unavailing, as are its two constituent parts, we overrule her sole issue and affirm.

### III.  CONCLUSION

We affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 6, 2020

7