[No. 2084.]

JACK RICE v. THE STATE.

1. THEFT—EVIDENCE—CONFESSION—CASE STATED.—On a trial for horse theft the State was permitted to prove, over the defendant's objection, that, upon his examining trial before a magistrate, after being duly warned that whatever statement he made could be used against him, the defendant pleaded guilty to the charge. It was further proved that, prior to this plea, the owner of the stolen horse advised the defendant that if he would plead guilty, it would go better with him. *Held*, that the defendant's plea of guilty was not made as a voluntary statement under Article 262 of the Code of Criminal Procedure, but was merely an extra judicial confession, and, being voluntarily made as such, after being legally warned by the magistrate, it was admissible in evidence for the State.

2. SAME.—But it was insisted by the defense that the plea was not a voluntary confession because the plea of guilty was induced by the advice of the injured party that the plea of guilty would "go better with him," the defendant. *Held*, that, notwithstanding the earlier decisions on the question, the doctrine now obtains that, to render a confession inadmissible upon the ground that it was induced by the promise of some benefit to the accused, such promise must be positive; must be of such character as would be likely to influence the accused to speak untruthfully, and must be made or sanctioned by some person in authority. The inducement insisted upon in this case does not come within the rule.

3. SAME—EVIDENCE.—As pertinent to show the particular charge to which the defendant pleaded guilty, and to identify the offense to which the confession of guilt related, the trial court properly admitted in evidence the complaint to which the defendant pleaded guilty before the magistrate.

4. SAME—CONTINUANCE.—The truth of the facts set out in the application for continuance not appearing to be probably true, when viewed in the light of evidence adduced on the trial, the ruling of the trial court refusing the continuance will not be revised.

APPEAL from the District Court of Wheeler.    Tried below before the Hon. Frank Willis.

The conviction in this case was for the the theft of a horse, the property of Ike Mansker, in Wheeler county, Texas, on the twentieth day of June, 1886. A term of five years in the penitentiary was the penalty imposed by the verdict.

Ike Mansker was the first witness for the State. He testified,

in substance, that he lived in the town of Mobeetie, Wheeler county, Texas. Witness saw the defendant in the town of Mobeetie on the evening of June 19, 1886. On that evening the witness picketed his horse on the prairie, about three hundred yards from his house. That horse was stolen during the night, and was missed by the witness on the next morning. Witness at once got a buggy and team, and, with Bob Bledsoe as company, started in pursuit. They came in sight of the defendant on the twenty-first day of June, on the Dodge City road, about forty-five miles west from Mobeetie. As soon as he saw the witness's buggy, defendant left the road, turning into a canyon. Witness stopped the buggy, and took from it one of the horses. Bledsoe mounted that horse and went in pursuit of defendant, and soon returned to the buggy with the defendant and the witness's horse, and the party returned to Mobeetie. When the defendant was arraigned before the magistrate upon a complaint for the theft of the horse, and before he pleaded, witness called him out of the court room and told him to plead guilty to stealing the horse and it would go better with him. The horse was taken in Wheeler county, Texas, without the consent of the witness.

Bob Bledsoe testified for the State, that he went with Mansker in pursuit of the defendant and the stolen horse. They came in sight of defendant on the Dodge City road about forty-five miles west of Mobeetie, when the defendant turned from the road into a canyon. Witness then got on one of the buggy horses, passed to the further end of the canyon, at which he entered and met the defendant. Witness then held his pistol in his hand and told defendant he would have to take him back to Mobeetie for stealing Mansker's horse. Defendant proposed that if witness would let him proceed he would remit Mansker money for the horse as soon as he reached Dodge City. Witness declined and took defendant and the horse back to Mansker, and thence back to Mobeetie. Witness was not an officer, nor did he have a warrant for the defendant.

Justice of the peace Davis testified, for the State, that defendant was brought before him upon a complaint charging him with stealing Mansker's horse, the witness sitting as an examining court. Witness cautioned him twice as to the possible consequences of his plea of guilty—that his plea could be used against him on his final trial. The defendant, however, persisted in his plea of guilty.

The motion for new trial raised the questions discussed in the opinion.

*W. H. Grigsby* filed an able brief and argument for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for the theft of a horse, the property of one Mansker. Before indictment found the defendant had been arrested under warrant of a magistrate issued upon a complaint charging defendant with said theft, and, upon examination of said charge before said magistrate, the complaint was read to the defendant by the magistrate and the defendant pleaded guilty thereto. Upon the trial of this case upon the indictment the State was permitted, over the objections of the defendant, to prove said plea of guilty made before said magistrate. This ruling of the court is insisted upon as error.

It was proved that before said plea was made the magistrate cautioned the defendant that what he might say would be used in evidence against him. It was also proved that, just prior to said caution and plea, Mansker, the owner of the horse, had advised the defendant "to plead guilty to the theft of the horse, that it would go better with him." Defendant's plea of guilty was not made as a voluntary statement under Article 262 of the Code of Criminal Procedure. It was not reduced to writing and signed by the defendant, but was merely an oral statement that he was guilty of the charge contained in the complaint. It was, therefore, an *extra judicial,* not a *judicial* confession. To have constituted it a *judicial* confession it must have been made in a voluntary statement of the accused taken before a magistrate in accordance with law. But, notwithstanding it is to be regarded as an extra judicial confession, it was admissible in evidence if *voluntarily* made, after having been first cautioned that it might be used against him. (Code Crim. Proc., Art. 750.) It is made clear by the evidence that before making the plea the defendant was properly and sufficiently cautioned that it might be used against him.

The only serious question is, was the plea a *voluntary* confession? It is contended by defendant's counsel that it was not, because the defendant was induced to make said plea by the advice of Mansker, the owner of the horse, that "it would go bet-

ter with him" to so plead. Under the earlier decisions upon this subject, the objection to the confession would perhaps be well taken, but the almost universally recognized doctrine now is that, to render a confession inadmissible upon the ground that it was induced by the promise of some benefit to the accused, such promise must be positive, and must be made or sanctioned by a person in authority. It must also be of such character as would be likely to influence the accused to speak untruthfully. (Whart. Cr. Ev., Sec. 651, et seq.; Thompson v. The State, 19 Texas Ct. App., 595.) The confession in this case is not within the rule stated, and was, we think, a voluntary confession within the meaning of the statute, made after the defendant had been duly cautioned that it might be used against him, and it was not error to permit said confession to be proved.

It was not error to permit the State to read in evidence the complaint to which the defendant had pleaded guilty before the magistrate. This was pertinent and competent evidence to show the particular charge to which the defendant had pleaded guilty, and to identify the offense to which the confession of guilt related, with the offense for which the defendant was on trial.

We will not revise the action of the court in refusing the defendant's application for a continuance, because, in our opinion, the evidence adduced on the trial does not show that the facts set forth in said application as to the testimony of the absent witnesses were probably true. (Code Crim. Proc., Art 560, sub. div. 6.)

We have found no error in the conviction, and the judgment is affirmed.

*Affirmed.*

Opinion delivered January 12, 1887.