**Avery Gustavius BREAUX, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–99–00215–CR, 14–99–00216–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 13, 2000.

Frances M. Northcutt, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and EDELMAN.

## O P I N I O N

LESLIE BROCK YATES, Justice.

Appellant, Avery Gustavius Breaux, Jr., was certified to stand trial as an adult and pleaded guilty to the offenses of aggravated assault and aggravated robbery without an agreement as to punishment. Finding his judicial confession sufficient evidence to substantiate guilt, the trial court found appellant guilty of both offenses and sentenced him to twenty-five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. On appeal, appellant raises two points of error challenging the sufficiency of the evidence to support his plea of guilty. We affirm in part and reverse and remand in part.

In his first point of error, appellant complains the evidence is insufficient in both the aggravated assault and aggravated robbery cases because his judicial confessions were not voluntary. Appellant challenges the voluntariness of his judicial confessions based on his negative answer to the judge's query of whether he had "looked over the papers."

When a defendant pleads guilty, article 1.15 of the Code of Criminal Procedure requires the State to "introduce evidence into the record showing the guilt of the defendant ... and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the

same." Tex.Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.2000); *Palacios v. State,* 942 S.W.2d 748, 749 (Tex.App.—Houston [14ᵗʰ Dist.] 1997, pet. ref'd). A judicial confession alone is sufficient to support a guilty plea. *See Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App.1980)(op. on reh'g). However, to constitute a judicial confession, the statement of the accused must have been voluntarily given before a magistrate, or court, in the due course of legal proceedings. *See Franco v. State,* 552 S.W.2d 142, 144 (Tex.Crim.App.1977); *Rice v. State,* 22 Tex.App. 654, 3 S.W. 791, 792 (1887).

The record reveals that, prior to entering his plea of guilty, appellant signed the following plea papers: Waivers of Constitutional Rights, Agreements to Stipulate, Judicial Confessions, and Written Plea Admonishments.[1] The reporter's record of the plea proceedings indicates that after explaining the range of punishment, the judge, referring to the plea papers, asked appellant, "Have you looked over these papers?" Appellant answered, "No."

After appellant gave his negative answer, the judge made a substantial effort to ensure that the defendant understood the proceedings. The judge questioned appellant concerning the contents of the documents to determine whether he had signed the papers voluntarily. She inquired of appellant whether: (1) he wished to give up the right to a jury trial, (2) he understood his attorney's explanation of the papers he signed, (3) he understood the English language, (4) he understood he was subject to the full range of punishment, (5) he understood that if given deferred adjudication, it could be revoked and he could be sentenced to as much as life in prison, (6) he understood that he was giving up the right to confront and cross-examine witnesses, (7) he understood his rights and wanted to give them up, (8) he was satisfied with his attorney's representation, and (9) he realized the papers he signed would be used as evidence against him. To each of these inquiries appellant answered in the affirmative. Further, appellant indicated that no one had promised him anything in exchange for entering his plea.

Once the judge was satisfied that appellant had voluntarily signed the papers, she accepted his pleas of guilty. The Waivers of Constitutional Rights, Agreements to Stipulate, and Judicial Confessions were then offered and admitted into evidence. The judge found the evidence was sufficient to substantiate appellant's guilt.

■ Appellant claims that while the trial judge specifically inquired about some of his rights, she made no specific inquiry about whether he understood that the plea papers contained a judicial confession or waived his right against self-incrimination. Therefore, appellant claims, because his judicial confession was not voluntary, it was inadmissible. To the contrary, the trial judge asked appellant if his attorney had explained the papers he had signed and if, by signing the papers, he understood his rights and wanted to give them up. Due process does not require a trial judge to enumerate, laundry-list style, every Constitutional right that a defendant possesses and demand that the defendant note for the record his separate waiver of each. *See Lyles v. State,* 745 S.W.2d 567, 568 (Tex.App.—Houston [1ˢᵗ Dist.] 1988, pet. ref'd).

■ We find that the judge's inquiries and appellant's affirmative answers indicate that appellant was made aware of the content and effect of the plea papers, including the judicial confessions, and that the documents were voluntarily executed. Therefore, we overrule appellant's first point of error.

In his second point of error, appellant complains that the evidence is insufficient

1. These forms were signed in duplicate—one set for the aggravated assault, and the other for the aggravated robbery.

in the aggravated assault case to support his conviction. Appellant bases his complaint upon the omission of the element of "injury" from his judicial confession.

■■■■ As noted above, the State is required to introduce evidence showing the defendant's guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2000). The evidence is sufficient under article 1.15 if it embraces *every essential element* of the offense charged and establishes the defendant's guilt. *See Stone v. State*, 919 S.W.2d 424, 427 (Tex.Crim.App.1996). Thus, while a judicial confession alone is usually sufficient to satisfy the requirements of article 1.15, a judicial confession that omits an element of the offense is insufficient to support a guilty plea.[2] *See York v. State*, 566 S.W.2d 936, 939 (Tex. Crim.App.1978); *Massey v. State*, 777 S.W.2d 739, 740 (Tex.App.—Beaumont 1989, no pet.). Causation of bodily *injury* to another is an essential element of assault. *See* TEX. PEN.CODE ANN. § 22.01, 22.02 (Vernon 1994 & Supp.2000); *Burkholder v. State*, 660 S.W.2d 540, 541 (Tex. Crim.App.1983).

Appellant's judicial confession for aggravated assault stated in pertinent part:

> The charges against me allege that in Harris County, Texas, AVERY GUSTAVIUS BREAUX, JR., hereafter styled the Defendant, on or about FEBRUARY 23, 1998, did then and there unlawfully, intentionally, knowingly and recklessly, by driving a motor vehicle in the direction of JOHN UPTON, *cause bodily* [sic] *to JOHN UPTON*, hereafter called the Complainant, by striking the Complainant with a deadly weapon, namely, a motor vehicle, while the Complainant was lawfully discharging an of-

ficial duty, knowing the Complainant was a public servant.

\* \* \* \* \*

> I understand the above allegations and I confess that they are true and that the acts alleged above were committed on February 23, 1998.

(emphasis added).

■■■ Appellant's judicial confession, the only evidence contained in the record to support his conviction, omitted an essential element of the offense of aggravated assault—injury. This case is remarkably similar to the facts in *York*. *See York*, 566 S.W.2d at 938–39. In *York*, part of the clause "without the effective consent of the owner" was omitted from the judicial confession. *See id.* The court found the evidence was insufficient to support the conviction because a necessary element of the offense of burglary of a habitation was not established by the confession and no other evidence was offered in support of the plea. *See id.* Here, there being no evidence of injury to the complainant, as necessitated by article 1.15 of the Code of Criminal Procedure and section 22.02 of the penal code, we find the evidence insufficient to support appellant's conviction. Appellant's second point of error is sustained.

■■■ The trial court's judgment in trial cause number 784,223 (the aggravated robbery case) is affirmed; and the judgment in cause number 795,625 (the aggravated assault case) is reversed and remanded to the trial court.[3]

---

2. An exception to this rule provides that if the judicial confession contains a "catch-all" phrase that the defendant is guilty "as charged in the indictment," the confession is sufficient evidence to support the conviction even where an element of the offense has been omitted. *See Snyder v. State*, 629 S.W.2d 930, 932 (Tex.Crim.App.1982). This exception seems also to apply to sworn oral

statements made by the defendant during the course of the plea proceedings that the indictment is "true and correct." *See Dinnery*, 592 S.W.2d at 353. Here, however, neither appellant's written judicial confession, nor any oral statements made during the course of the plea proceedings contained such an admission.

3. Because appellant voluntarily entered a plea of guilty, the Double Jeopardy Clause of the

Fifth amendment to the United States Constitution does not preclude a second trial. *See Bender v. State,* 758 S.W.2d 278, 280–81 (Tex. Crim.App.1988); *Ex parte Martin,* 747 S.W.2d 789, 792–93 (Tex.Crim.App.1988).