NO. 12-05-00084-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TAVION DQUAN LANDON,                                              §                      APPEAL
FROM THE SECOND

APPELLANT

 

V.                                                                                            §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,                

APPELLEE                                                                           §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Tavion Dquan
Landon appeals his conviction for injury to a child, for which he was sentenced
to ten years of imprisonment.  In one
issue, Landon contends that the evidence is insufficient to support his
conviction.  We reverse and remand.

 

Background

            After
waiving indictment, Appellant was charged by information with intentionally and
knowingly causing bodily injury to a child less than fifteen[1]
years of age.  On the same date, December
13, 2001, another information was filed under the same cause number describing
the same conduct, but alleging the mens rea of the offense as “reckless.”  Section 22.04(f) of the Texas Penal Code
provides that the offense charged is a third degree felony when the conduct is
committed intentionally or knowingly and is a state jail felony when the conduct
is engaged in recklessly.  Tex. Pen. Code Ann. § 22.04(f) (Vernon
2003).[2]

            On
December 13, 2001, Appellant and his counsel signed an acknowledgment of
waivers and a sworn plea of guilty waiver, stipulation, and judicial
confession.  In his stipulation and
judicial confession, Appellant admitted to “recklessly caus[ing] bodily injury
to” a child.  Appellant also waived his
time to file motions for new trial and in arrest of judgment and his right to
appeal.  At the hearing on his plea,
Appellant stated that he understood he was being charged with the third degree
felony offense of injury to a child and that he understood the range of
punishment for such offense.  After
several admonishments, the trial court asked Appellant, “To the charges against
you in Cause No. 14813, Mr. Landon, how do you plead, guilty or not guilty?”  Appellant pleaded guilty. The State’s only
evidence admitted at trial to support Appellant’s plea was the stipulation and
judicial confession.  The trial court
deferred further proceedings without entering an adjudication of guilt and ordered
that Appellant be placed on deferred adjudication community supervision for a
period of two years.[3] 
The order described the charged offense as a third degree felony. 

            On
December 29, 2003, the State filed an amended motion to adjudicate, alleging
that Appellant had violated the terms of his community supervision.  Appellant pleaded “true” to committing the
acts alleged in the State’s motion and waived his right to appeal.  On June 8, 2004, the trial court revoked
Appellant’s community supervision, adjudicated Appellant guilty as charged in
the information, and assessed punishment at ten years of imprisonment.  However, the trial court ordered that
imposition of the sentence be suspended and that Appellant be placed on
community supervision for a period of five years.[4] 

            On
December 10, 2004, the State filed a motion to revoke community supervision
alleging that Appellant had violated the terms of his community
supervision.  Appellant pleaded “true” to
five of the seven paragraphs of the State’s allegations.  However, Appellant pleaded “not true” to the
State’s allegations that he violated the terms of his community supervision by
driving while intoxicated and by failing to report to his probation
officer.  On February 10, 2004, the trial
court held a revocation hearing.  At the
conclusion of the hearing, the trial court found it “true” that Appellant
violated the conditions of his community supervision in that he failed to
report to his probation officer; failed to pay supervision fees, court costs,
restitution, and attorney’s fees; and also failed to perform community
service.  Accordingly, the trial court
revoked Appellant’s community supervision and assessed punishment at ten years
of imprisonment.

            On
original submission, Appellant’s counsel filed a brief in compliance with Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)
and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  After reviewing the record, we noted that it
was unclear whether Appellant was convicted of a third degree felony or a state
jail felony.  Moreover, we observed that
Appellant stipulated only to the reckless allegation.  Thus, we granted counsel’s motion to
withdraw, abated the appeal, and remanded the cause to the trial court for a
hearing to determine if Appellant was indigent and, if so, to appoint new legal
counsel.  Pursuant to additional
instructions, Appellant’s new counsel filed his brief, addressing the issue
mentioned above.

 

Evidentiary
Sufficiency

            In
his sole issue, Appellant argues that the evidence is insufficient to support a
conviction for a third degree felony because the only evidence presented at the
plea hearing supported a conviction for a state jail felony.  Thus, Appellant contends that his sentence
violates Texas Code of Criminal Procedure article 1.15.  The State disagrees, arguing that Appellant’s
oral plea of guilty is a sworn oral judicial confession and is sufficient to
support the conviction.

Applicable Law

            A
defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding, such as evidentiary
sufficiency, only in appeals taken when deferred adjudication community
supervision is first imposed.  Nix
v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).  Similarly, the sufficiency of the evidence to
sustain a conviction cannot be collaterally attacked in an appeal from an order
revoking probation.  Puckett v.
State, 801 S.W.2d 188, 191 (Tex. App.–Houston [14th Dist.] 1990, pet.
ref’d).  However, in both proceedings,
there are exceptions to this general rule. 
Nix, 65 S.W.3d at 667. 
The only exception that applies in this case is the “void judgment”
exception.  Id. at
667.  A void judgment is a “nullity” and
can be attacked at any time.  Id.
at 667-68.  However, a judgment is void
only in very rare situations.  Id.
at 668.  A judgment of conviction for a
crime is void if the record reflects that there is no evidence to support the
conviction. Id.

            According
to article 1.15 of the Texas Code of Criminal Procedure, no person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless he, upon entering a plea, has in open court in person waived
his right of trial by jury in writing.  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).  However, article 1.15
also states that it is necessary for the State to introduce evidence into the
record showing the guilt of the defendant and “in no event shall a person
charged be convicted upon his plea without sufficient evidence to support the
same.”  Id. This evidence
may be stipulated if the defendant consents in writing.  Id.  When the State introduces evidence, we affirm
the trial court’s judgment under article 1.15 if the evidence introduced
embraces every essential element of the offense charged and is sufficient to
establish the defendant’s guilt. Breaux v. State, 16 S.W.3d 854,
857 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d) (citing Stone v.
State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996)); Wright v.
State, 930 S.W.2d 131, 132 (Tex. App.–Dallas 1996, no pet.).  But see Williams v. State, 950
S.W.2d 383, 384 n.1 (Tex. App.–Houston [1st Dist.] 1997, pet. ref’d)
(acknowledging a lack of consensus on the standard for reviewing evidence to
support a judgment pursuant to article 1.15 of the Texas Code of Criminal
Procedure); Burger v. State, 920 S.W.2d 433, 435 (Tex. App.–Houston
[1st Dist.] 1996, pet. ref’d) (using the Jackson v. Virginia legal
sufficiency standard to review the sufficiency of the stipulated evidence).

            Although
a plea of guilty is an admission of guilt of the offense charged, it does not
authorize a conviction in a bench trial upon such plea unless there is evidence
offered to support the plea and the judgment to be entered.  Dinnery v. State, 592 S.W.2d
343, 351 (Tex. Crim. App. 1979).  A
judicial confession, standing alone, is sufficient to sustain a conviction upon
a guilty plea and to satisfy the requirements of article 1.15.  Id. at 353.  However, if a stipulation does not support a
defendant’s guilty plea, a court must determine if there is other evidence to
support the guilty plea. Id. at 352.  If a defendant testifies that he has read the
indictment and that it is “true and correct” or that the allegations in the
indictment are “true and correct,” this testimony constitutes a judicial
admission of the offense charged and is sufficient to support a guilty
plea.  Id. at 352-54.

Analysis

            Appellant
pleaded guilty, judicially confessing and stipulating that he “recklessly
caus[ed] bodily injury to a” child, a state jail felony.  However, he was convicted of a third degree
felony.  The mens rea is an essential
element of the offense of injury to a child. 
See Tex. Pen. Code Ann. § 22.04(a)
(Vernon 2003).  At the hearing on his
guilty plea, Appellant simply pleaded guilty to “[c]ause no. 14813,” not
specifically to the third degree felony. 
As noted above, both the third degree felony information and the state
jail felony information contain the same cause number and appear to have been
filed at the same time.  Appellant did
not testify, did not state that he had read the information, and was not asked
if the allegations in the information were true and correct.  See Dinnery, 592 S.W.2d at
352-54.  In fact, nowhere did Appellant
stipulate or testify that the allegations in either information were true and
correct.  Appellant’s judicial confession
and stipulation, the only evidence contained in the record to support his
conviction, omitted an essential element of a third degree felony offense of
injury to a child–the mens rea.  See Breaux,
16 S.W.3d at 857.  As such, Appellant’s
collateral attack on his conviction from an order revoking probation is within
the exception to the general rule because the record reflects that there is no
evidence to support his conviction, i.e., the judgment on the third degree
felony is “void.”  See Nix,
65 S.W.3d at 667-68.  Moreover, because
there is no evidence of the specific mens rea for a third degree felony offense
of injury to a child as required by article 1.15 of the Texas Code of Criminal
Procedure and section 22.04(a) of the Texas Penal Code, the evidence is insufficient
to support Appellant’s conviction. 
Accordingly, Appellant’s sole issue is sustained.

 

Conclusion

            After
reviewing the record in this case and considering article 1.15, we hold that
the evidence is insufficient to support Appellant’s conviction.  Therefore, we reverse the
judgment of the trial court and order reformation of the judgment to reflect a
conviction for a state jail felony offense. 
We also remand this cause for a sentencing hearing
consistent with this opinion.  See Breaux,
16 S.W.3d at 857 n.3 (citing Bender v. State, 758 S.W.2d 278,
280-81 (Tex. Crim. App. 1988); Ex parte Martin, 747 S.W.2d 789,
792-93 (Tex. Crim. App. 1988)). 

 

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

 

Opinion
delivered February 22, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Section 22.04(c)(1) of the Texas Penal Code
defines a child as “a person 14 years of age or younger.” Tex. Pen. Code Ann. §
24.04(c)(1)(Vernon 2003).





[2] The punishment range of a third degree felony
is imprisonment for any term of not more than ten years or less than two years
and, in addition, a fine not to exceed $10,000.  Tex. Pen. Code Ann. §
12.34 (Vernon 2003). However, the punishment range of a state jail felony is
confinement in a state jail for any term of not more than two years or less
than 180 days and, in addition, a fine not to exceed $10,000.  Tex.
Pen. Code Ann. § 12.35 (Vernon 2003). 





[3] Tex. Code Crim. Proc. Ann. art. 42.12, §
5(d) (Vernon Supp. 2005). 





[4] Tex. Code Crim. Proc. Ann. art. 42.12, §
3(a) (Vernon Supp. 2005).