In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-164 CR


NO. 09-06-165 CR


 ______________________


 

TRACY FRANKLIN, SR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause Nos. 91799 and 91802






MEMORANDUM OPINION


 Tracy Franklin, Sr. was indicted for two offenses of aggravated sexual assault of a
child. He pled no contest without a plea bargain to each offense. There is no stipulation of
evidence or confession of guilt in the record. The trial court heard evidence, found the
evidence substantiated his guilt, ordered a PSI report, deferred adjudication of guilt, and
placed Franklin on unadjudicated community supervision for ten years in each case. (1) 

 On appeal, Franklin argues the evidence is legally and factually insufficient to support
the trial court's finding that the evidence established his guilt. When a defendant is charged
with a felony offense, he may not be convicted, or, as in this case, given deferred
adjudication, on his plea of guilty or no contest alone; the State must introduce sufficient
evidence to support the plea. Guiterrez v. State, 176 S.W.3d 394, 396 (Tex. App.--Houston
[1st Dist.] 2004, pet. ref'd); see Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). The
evidence is sufficient under article 1.15 if the evidence embraces every essential element of
the offense charged and establishes the defendant's guilt. Breaux v. State, 16 S.W.3d 854,
857 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). 

 A person commits the offense of aggravated sexual assault if he intentionally or
knowingly causes the penetration of the female sexual organ of a child by any means. Tex.
Pen. Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2006). S.D. testified to digital
penetration. Franklin complains the evidence is insufficient to show digital penetration and
there is a lack of medical corroboration of penetration. No corroboration is required; the
thirteen-year-old victim's testimony alone is sufficient. See Tex. Code Crim. Proc. Ann. art.
38.07(b)(1) (Vernon 2005); see Tear v. State, 74 S.W.3d 555, 560 (Tex. App.--Dallas 2002,
pet. ref'd). The fact-finder heard the testimony of S.D., as well as the nurse examiner. The
presence of an external tear on the genitalia does not make S.D.'s testimony regarding
penetration insufficient. Nothing in the nurse examiner's testimony shows S.D. testified
falsely. Franklin pleaded "no contest" to the offenses.

 The evidence is legally and factually sufficient. Issues one and two are overruled. 
The trial court's judgments in trial cause numbers 91799 and 91802 are affirmed.

 AFFIRMED. 

 

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on April 9, 2007

Opinion Delivered April 25, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The trial court also assessed a $2,000 fine.