Affirmed and Memorandum Opinion filed August 11, 2009








Affirmed and Memorandum Opinion filed August 11, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00806-CR

NO. 14-08-00813-CR

NO. 14-08-00814-CR

_______________

 

JOHNNY GERALD MINKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause Nos. 46,666; 46,667; and 48,490

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








Appellant
Johnny Gerald Minks pleaded guilty, without an agreed recommendation on
punishment, to two counts of aggravated sexual assault of a child and one count
of indecency with a child by sexual contact.  After a punishment hearing, the
trial court sentenced appellant to twenty years= confinement for each count of
aggravated sexual assault and ten years= confinement for indecency with a
child.  On appeal, he challenges the legal and factual sufficiency of the
evidence to support his convictions and contends the trial court erroneously
stacked the sentences for the sexual-assault and indecency convictions.  We
affirm. 

I.  Background

On March
18, 2008, appellant pleaded guilty to two counts of aggravated sexual assault
of a child and one count of indecency with a child by sexual conduct. 
Specifically, he signed written stipulations and judicial confessions in which
he admitted he:

(a)       intentionally and knowingly
caused the penetration of the female sexual organ of B.M., a child younger than
fourteen years of age, who was not his spouse, by the use of his finger;[1]

(b)       intentionally and knowingly
caused the sexual organ of B.M., a child younger than fourteen years of age,
who was not his spouse, to contact his mouth;[2]
and

(c)       intentionally and knowingly
engaged in sexual contact with A.K., a child younger than seventeen years of
age and not his spouse, by causing contact between A.K.=s hand and his genitals, with the
intent to arouse and gratify his sexual desire.[3] 









On this same date, appellant
signed waivers in each case, in which he stated that he Awaived [his] right to appeal the
guilt/innocence phase because [he had] pled guilty but reserve[d] the right to
appeal the sentence.@  The trial court signed certifications of his right to
appeal in which it noted that appellant had waived his right to appeal as to
the guilt/innocence phase.  After accepting appellant=s plea, the trial court continued the
proceedings so a pre-sentence investigation could be conducted.

In June
2008, the trial court conducted a punishment hearing on all three counts. 
B.M., who is appellant=s granddaughter, B.M.=s mother and father, A.K.=s mother, and several others
testified at this hearing.  In addition, appellant testified and acknowledged
that he had pleaded guilty to the offenses.  On June 30, 2008, the trial court
sentenced appellant to twenty years= confinement in the Texas Department
of Criminal Justice, Institutional Division, for each count of aggravated
sexual assault of a child, to run concurrently.  The trial court further
sentenced appellant to ten years= confinement for the count of
indecency with a child, to run consecutively with the sentences for the other
charges.  Appellant did not object to the sentences.  The trial court signed a
second set of certifications of appellant=s right to appeal on July 1, 2008,
indicating that these were not plea-bargain cases and appellant had the right
to appeal.  Appellant timely filed his notices of appeal.

II.  Issues and Analysis

A.        Sufficiency of the Evidence

In his
first and second issues, appellant challenges the legal and factual sufficiency
of the evidence supporting his convictions.  The State argues that appellant
waived his right to appeal from the guilt-innocence phase of his trial.  See
Monreal v. State, 99 S.W.3d 615, 616B19, 623 (Tex. Crim. App. 2003) (en
banc) (affirming appellate court=s dismissal of appeal because
appellant had validly waived his right of appeal).  But because the most recent
set of certifications by the trial court indicate that appellant retained the
right to appeal these cases, we address his challenges.








A person
commits the offense of aggravated sexual assault of a child if, as is relevant
here, he (a) causes the sexual organ of a child under fourteen to contact his
mouth or (b) causes the penetration of such a child=s sexual organ by any means.  See Tex. Penal Code Ann. '22.021 (Vernon Supp. 2008). 
Additionally, a person commits the offense of indecency with a child if he
causes a child under seventeen to engage in sexual contact.  See id. ' 21.11 (Vernon 2003).  As noted
above, in his judicial confessions and stipulations, appellant confessed to all
the elements of these offenses.  He further stipulated in writing that Athe evidence and testimony would
prove beyond a reasonable doubt that [the] acts and allegations in the
indictment[s] . . . are true and correct.@  Finally, he acknowledged at the
punishment hearing that he had pleaded guilty to the charges against him.

The
familiar legal[4] and factual[5]
sufficiency standards do not apply when a defendant has pleaded guilty to an
offense.  See Keller v. State, 125 S.W.3d 600, 604B05 (Tex. App.CHouston [1st Dist.] 2003), pet.
dism=d, improvidently granted, 146 S.W.3d 677 (Tex. Crim. 2004) (per curiam); see
also Allen v. State, Nos. 14-08-0048-CR, 14-08-0049-CR and 2008 WL 5352013,
at *3 (Tex. App.CHouston [14th Dist.] Dec. 16, 2008) (mem. op., not designated
for publication).  Instead, sufficiency of the evidence following a guilty plea
is reviewed under article 1.15 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).  The State must Aintroduce evidence into the record showing the guilt of the
defendant and said evidence shall be accepted by the court as the basis for its
judgment and in no event shall a person charged be convicted upon his plea
without sufficient evidence to support the same.@  Id.  A judicial confession
alone is sufficient to support a guilty plea.  Breaux v. State, 16
S.W.3d 854, 856 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  








Further,
where, as here, a defendant enters a valid guilty plea,[6]
he waives all non‑jurisdictional defenses, including challenges to the
legal or factual sufficiency of the evidence.  See McGill v. State, 200
S.W.3d 325, 331 (Tex. App.CDallas 2006, no pet.); Keller, 125 S.W.3d at 604B05; see also Saleh v. State,
No. 14-05-01148-CR, 2007 WL 1892262, at *2 (Tex. App.CHouston [14th Dist.] July 3, 2007,
pet ref=d) (mem. op., not designated for
publication).  Under these circumstances, we overrule appellant=s legal and factual sufficiency
challenges to the evidence supporting his convictions.

B.        Cumulation of Sentences

Appellant
asserts in his third issue that the trial court abused its discretion in
cumulating his sentence for the indecency-with-a-child conviction with the
sentences for his convictions for aggravated sexual assault.  He complains that
the trial court lacked authority to cumulate his sentences because the State
failed to file a notice of consolidation as required by the Texas Penal Code.  See
Tex. Penal Code Ann. ' 3.02(b) (Vernon 2003) (AWhen a single criminal action is
based on more than one charging instrument within the jurisdiction of the trial
court, the state shall file written notice of the action not less than 30 days
prior to the trial.@).  But as noted above, appellant did not object to the trial
court=s sentence on this basis or otherwise
complain about the lack of notice.  To preserve a complaint for appellate
review, a party must have presented to the trial court a timely request,
objection, or motion, stating specific grounds for the ruling desired.  Tex. R. App. P. 33.1; see also
LaPorte v. State, 840 S.W.2d 412, 414B16 (Tex. Crim. App. 1992) (en banc)
(stating that if notice is not given under Penal Code section 3.02(b), a
defendant may Awaive the notice . . . by not objecting to the lack of notice@). 








Further,
even if appellant had preserved this issue for our review, we review the trial
court=s decision whether to cumulate or
stack sentences for an abuse of discretion.  See Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006).  When
the law authorizes the imposition of cumulative sentences, a trial court has
absolute discretion to stack sentences.  Nicholas v. State, 56 S.W.3d
760, 765 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).

Here, as
noted above, appellant was charged with two counts of aggravated sexual assault
of his granddaughter, B.M., and one count of indecency with a child, A.K.  The
Texas Penal Code explicitly permits the trial court to order sentences arising
from these offenses to run either consecutively or concurrently.  See Tex. Penal Code Ann. ' 3.03(b) (Vernon Supp. 2008). 

Thus, we
cannot say the trial court abused its discretion in ordering appellant=s sentences to run consecutively.  We
overrule his third issue.

III.  Conclusion

Having
overruled each of appellant=s issues, we affirm the judgment of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  Trial Court Cause No. 46,666.





[2]  Trial Court Cause No. 46,667.





[3]  Trial Court Cause No. 48,490.





[4]  See Jackson v. Virginia, 443 U.S. 307, 318B19 (1979) (establishing standard of review for legal
sufficiency of evidence).





[5]  See Watson v. State, 204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006) (reciting standard of review
for factual sufficiency of evidence).





[6]  Appellant has not challenged the validity of his
written stipulations and judicial confessions.