PD-1354-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/21/2015 10:45:43 AM
Accepted 10/21/2015 3:35:30 PM
ABEL ACOSTA
CLERK

NO.

## TO THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF TEXAS

---

## NO.  10-15-0067-CR

---

## IN THE COURT OF APPEALS

## FOR THE

## TENTH SUPREME JUDICIAL DISTRICT OF TEXAS

## AT WACO, TEXAS

---

**CHRISTOPHER DAVID HARVEY,**
**Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

October 21, 2015

ABEL ACOSTA, CLERK

**V.**

**THE STATE OF TEXAS,**
**Appellee**

---

## PETITION FOR DISCRETIONARY REVIEW

---

**JOHN DONAHUE**          **ATTORNEY FOR APPELLANT**
**TBA #05968300**          **CHRISTOPHER DAVID HARVEY**
**204 N. 6th St.**
**Waco, Texas 76701**
**(254) 752-9090**
**(254) 753-1232 FAX**
**Texascriminalattorney@yahoo.com**

## ORAL ARGUMENT REQUESTED

## <u>SUBJECT INDEX</u>                                                    PAGE

Identification of the parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

List of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

## <u>GROUND FOR REVIEW</u>

*Whether the evidence was legally insufficient to prove that Harvey caused the injury.*

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Procedural History of the Case . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts Pertinent To Petitioner's
  Ground for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ground for Review (Restated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Reasons for Review as to Ground for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Arguments and Authorities in Support of Petitioner's Ground for Review . . . . . . 3

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

APPENDIX - Opinion of 10th Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . end

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner respectfully asserts that this Court would be aided in the resolution of the matters which are the subject of this Petition for Discretionary Review if oral argument were granted. Therefore, Petitioner respectfully requests that this Court set this case for oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Tex.R.App. 68.4(a), a complete list of the names of all interested parties is provided below:

Abelino "Abel" Reyna - District Attorney of McLennan County, Texas
Robert Moody, Evan O'Donnell - Assistant District Attorneys
219 N. 6th St., Waco, TX 76701

Christopher David Harvey - Appellant
 #02016029
Byrd Unit
21 FM 247
Huntsville, TX 77320

Felipe "Phil" Martinez - Counsel for Appellant in trial court
1105 Wooded Acres, Suite 200, Waco, TX 76710

John Donahue - Counsel for Appellant on appeal
204 N. 6th St., Waco, TX 76701

Hon. Ralph T. Strother - Presiding Judge

# LIST OF AUTHORITIES

CASES                                                                                                PAGE

*Stone v. State*, 919 S.W.2d 424 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . 4

*Breaux v. State*, 16 S.W.3d 854 (Tex. App. Houston 14th Dist. 2000, pet ref'd) . 4

*Johnson v. State*, 978 S.W.2d 703 (Tex. App. Corpus Christi 1998),
      *aff'd* 23 S.W.3d 1 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 4


## STATUTES

Tex. Penal Code §22.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp. 2013) . . . . . . . . . . . . 4

## STATEMENT OF THE CASE

This is an appeal from a jury trial in the 19th District Court, McLennan County, Texas, the Honorable Ralph T. Strother, presiding, Cause Number 2013-840-C1. The State instituted proceedings against the Appellant, Christopher David Harvey, for the offense of assault on a public servant, a third degree felony. Tex. Penal Code §22.01. There were two enhancement allegations which made the range of punishment 25 years to life in prison. Tex. Penal Code §12.42(d). Harvey pleaded not guilty and a jury trial commenced. Harvey was convicted and punishment was assessed by the jury at 65 years in TDC. No fine was imposed.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On February 25, 2015, Mr. Harvey timely filed his Amended Notice of Appeal. His brief was filed on July 21, 2015. The State's reply brief was filed on August 18, 2015. On September 17, 2015, the Tenth Court of Appeals issued an opinion overruling Harvey's points of error and affirming his conviction.

No motion for rehearing was filed. This petition for discretionary review is being filed within 30 days of the Court of Appeal's opinion.

## STATEMENT OF FACTS

On April 9, 2013, two deputies with the McLennan County Sheriff's Office went to 2615 Bosque Blvd to serve an arrest warrant on Harvey. (R. 4, ppg. 15, 36). As the deputies were pulling up to the house, so was the homeowner, Rebekah Rosario. She gave the deputies consent to enter the house. (R. 3, pg. 37). Once inside, they told Harvey to turn around and put his hands behind his back. (R. 3, pg. 40). It appeared to the deputies that Harvey did not really want to comply, so they both grabbed hold of Harvey. Deputy Mabry grabbed her cuffs. (R. 3, pg. 40). The Deputies testified that Harvey hit Mabry with his shoulder causing her to fall to the ground. In the course of getting back up, Mabry and Ewing became entangled and Ewing lost his hold on Harvey, who was able to escape out the front door. (R. 3, ppg. 20, 41-42). Both deputies were wearing uniforms that included long, BDU type pants. (R. 3, pg. 43). After he escaped, they spent several hours looking for Harvey. Some of the search included looking into a crawl space underneath the house. (R. 3, pg. 45). Deputy Mabry testified that her pants were not torn and she did not notice at the time of the altercation that she had a scrape on her knee. It was not until she got back to office several hours later that she even noticed that she had a scrape. (R. 3, pg. 32).

**Court of Appeals**

As to his first point of error, the Court of Appeals held that because Harvey had knocked Deputy Mabry to the ground as he was fleeing from the deputies, that he had committed assault against a public servant since she suffered a scraped knee.

As to Harvey's second point of error, the court of appeals held that the error was waived by the failure to object un the trial court.

## GROUND FOR REVIEW (RESTATED)

*Whether the evidence was legally insufficient to prove that Harvey caused the injury.*

## REASONS FOR REVIEW AS TO GROUND FOR REVIEW

1. The Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals.

2. The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## ARGUMENTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S GROUND FOR REVIEW

In order to convict Harvey of this offense, the State was required to prove that Harvey intentionally, knowingly or recklessly caused bodily injury to Deputy Mabry, who was then acting as a public servant. Tex. Penal Code §22.01. During the course

3

of the trial, the issue which arose was whether Harvey caused the injury.

The State is required to introduce evidence showing the defendant's guilt. See TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp. 2013). The evidence is sufficient under article 1.15 if it embraces every essential element of the offense charged and establishes the defendant's guilt. *See **Stone v. State***, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). ***Breaux v. State***, 16 S.W.3d 854, 857 (Tex. App. Houston 14th Dist. 2000, pet ref'd).

In this case, Deputy Mabry testified that she did not notice the scrape on her knee until she got back to the office, which by her own admission was several hours later. Further, Deputy Ewing testified that during that period of time they had looked for Harvey and the search included looking under the house in the crawl space. There was no testimony that Deputy Mabry complained of or even noticed the injury or "pain" at the time of the altercation. In essence, the testimony in this trial amounted to speculation that Harvey caused the injury.

There is no greater "manifest injustice" than to send a person to prison whose guilt has not been established beyond a reasonable doubt. ***Johnson v. State***, 978 S.W.2d 703, 707 (Tex. App. Corpus Christi 1998), *aff'd* 23 S.W.3d 1 (Tex. Crim. App. 2000). While this principle appears most often in cases of the now defunct factual sufficiency review, Harvey contends that it still applies in cases of legal

4

insufficiency. The evidence in this case was insufficient and his conviction should be reversed.

**Conclusion**

Mr. Harvey contends that his conviction should be reversed and a judgment of acquittal entered.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Mr. Harvey respectfully requests that this Honorable Court review the transcript of the proceedings in this case, and after such review, determine that the Court of Appeals improperly decided his point of error; reverse the decision of the Court of Appeals, and remand to the Court of Appeals with instructions that a judgment of acquittal be entered.

Respectfully submitted,

*/S/ John Donahue*
JOHN DONAHUE
TBA #05968300
204N. 6th St.
Waco, Texas 76701
(254) 752-9090
Fax (254) 753-1232
Texascriminalattorney@yahoo.com

5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Corrected Petition for Discretionary Review was forwarded to the following on October 16, 2015.

*/S/ John Donahue*
JOHN DONAHUE

| | |
|---|---|
| Sterling Harmon | Christopher David Harvey, #02016029 |
| Ass't District Attorney | Ellis Unit |
| McLennan County, Texas | 1697 FM 980 |
| Waco, TX 76701 | Huntsville, TX 77343 |
| (254) 757-5084 | |
| (254) 757- 5021 | |
| Sterling.Harmon@co.mclennan.tx.us | |

**CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4**
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i) because:

   ■      this brief contains 1631 words, including the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1), or,

   ☐      this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2.      This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because:

   ■      this brief has been produced on a computer in conventional typeface using Corel Wordperfect 8.0 in Times New Roman 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

   ☐      this brief is a typewritten document printed in standard 10 character per inch monospaced typeface.

*/S/ John Donahue*
JOHN DONAHUE
Attorney for Appellant
Dated:   October 16, 2015



# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-15-00067-CR

**CHRISTOPHER DAVID HARVEY,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

_____

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2013-840-C1

_____

## MEMORANDUM OPINION

_____

In two issues, appellant, Christopher David Harvey, challenges his conviction for assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2014). Specifically, Harvey challenges the sufficiency of the evidence supporting his conviction and argues that the State committed reversible error by repeatedly stating that he is a "rapist" during the punishment phase of trial. Because we conclude that the evidence is

sufficient to support Harvey's conviction, and because Harvey waived his complaint about the State's argument during the punishment phase, we affirm.

## I.   SUFFICIENCY OF THE EVIDENCE

In his first issue, Harvey contends that the evidence supporting his conviction is insufficient because the testimony at trial failed to show that the officer's injury was caused by his conduct.  We disagree.

## A.   Standard of Review & Applicable Law

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.  "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted.  *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).  And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.  *Jackson*,

443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

B.     Facts

On the evening of April 9, 2013, McLennan County Deputy Sheriff Rebecca Mabry and her partner, Deputy Brent Ewing, attempted to serve a felony warrant on Harvey. They first went to Harvey's home address, but he was not there. The deputies then received information that Harvey likely was at the residence of Rebekah Rosario. The deputies proceeded to Rosario's residence. After obtaining Rosario's consent to search the residence, the deputies found Harvey inside sitting on a couch. At this point, one of

the deputies told Harvey to stand up, turn around, and put his hands behind his back because he was under arrest. As the deputies attempted to handcuff him, Harvey decided to run. Deputy Mabry described the scene as follows:

> He changed his mind and decided he was gonna [sic] run—
>
> . . .
>
> --before I could get the cuff on.
>
> . . .
>
> He quickly kind of elbowed me, and when he did I tried to hold tighter. So then it kind of got into a struggle and he pushed me against the door frame. We were by the door so he pushed me against the door frame and I fell, and then that's when he got free and he bolted.

When asked what happened when the deputies tried to handcuff Harvey, Deputy Ewing corroborated Deputy Mabry's testimony by stating the following:

> At that point in time he started to spin around. I felt him start to move, and I had him kind of by fingers in a hold like this to try to cuff him. And as he started to move around he hit Deputy Mabry with his shoulder. . . . That knocked her to the ground.
>
> . . . .
>
> Yeah, he would have had to do that intentionally, 'cause that's the only way he could have made the escape that he was doing from the house.

Later, Deputy Mabry discovered that the fall had caused a minor scrape on her knee that she described as "painful." Deputy Ewing testified that he did not observe a scrape on Deputy Mabry's knee prior to the incident and that he believed that the scrape was a result of the altercation with Harvey.

Thereafter, Harvey called Rosario to testify on his behalf. Appearing in jail clothing and admitting that she was serving time for drug possession, Rosario testified that she had a good view of the incident and that Harvey leapt past the deputies and ran away.[1] According to Rosario, Harvey "did not have any contact with anybody. He literally just kind of left out the front door, and he didn't even run down the steps. He jumped off the steps."

**C.      Discussion**

On appeal, Harvey asserts that the trial testimony failed to show that Deputy Mabry's injury was caused by his conduct. The Texas Court of Criminal Appeals has broadly interpreted the definition of bodily injury to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). Moreover, it is important to note that Harvey was charged by indictment with assault against a public servant, *see* TEX. PENAL CODE ANN. § 22.01(b)(1), and that an assault against a public servant is a result-oriented offense. *Brooks v. State*, 967 S.W.2d 946, 950 (Tex. App.—Austin 1998, no pet.); *see Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim. App. 2012). Therefore, the focus is on the result of the defendant's action and his culpable mental state, not on the precise act or the nature

---

[1] On cross-examination, Rosario acknowledged that, in addition to drug possession, she had also engaged in theft by check. Rosario further testified that Harvey comes by often and that he is close with Rosario's son. Additionally, Rosario's statement that she could clearly observe the incident was undermined by Deputy Ewing, who noted that Rosario's view was likely obscured from where she was standing.

of the conduct committed by the defendant.  *See Johnson*, 364 S.W.3d at 298; *Brooks*, 967 S.W.2d at 950.

Here, Deputy Mabry testified that, in his attempt to flee the deputies, Harvey pushed her to the floor, which resulted in a scraped knee that was "painful."  *See Wingfield v. State*, 282 S.W.3d 102, 105 (Tex. App.—Fort Worth 2009, pet. ref'd) (noting that "a jury may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it" (citing *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.))); *see also Wawrykow v. State*, 866 S.W.2d 87, 88-89 (Tex. App.—Beaumont 1993, pet. ref'd) (determining that a rational jury could have inferred that pushes to the chest caused "physical pain"); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd) (stating that people of common intelligence understand what naturally causes pain).  This testimony is sufficient for the jury to infer that Deputy Mabry suffered physical pain as a result of Harvey's conduct.

Therefore, because the focus of the inquiry is on the result of Harvey's conduct, we conclude that the State adduced sufficient evidence to demonstrate that Harvey knowingly or intentionally caused bodily injury to Deputy Mabry's knee.  *See* TEX. PENAL CODE ANN. § 22.01(b)(1); *Johnson*, 364 S.W.3d at 298; *Brooks*, 967 S.W.2d at 950; *see also Lucio*, 351 S.W.3d at 894.  Accordingly, we overrule Harvey's first issue.

## II.    THE STATE'S PUNISHMENT ARGUMENT

In his second issue, Harvey asserts that the State committed reversible error by repeatedly stating to the jury during the punishment phase of trial that he had raped a sixteen-year-old girl.

During the punishment phase of trial, the State introduced evidence of Harvey's prior criminal convictions—one of which was for second-degree-felony sexual assault. At various times during argument, the State referred to Harvey as a "rapist" or as someone who "raped a 16-year-old." However, Harvey did not object to any of these instances.

Texas courts have held that a "defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *see Mays v. State*, 318 S.W.3d 368, 394 (Tex. Crim. App. 2010) ("[W]e will not review the propriety of the prosecutor's arguments, [when] appellant failed to object to those arguments at trial."); *Morris v. State*, 460 S.W.3d 190, 197 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Freeman v. State*, No. 11-13-00232-CR, 2015 Tex. App. LEXIS 8515, at *10 (Tex. App.—Eastland Aug. 13, 2015, no pet. h.) (mem. op., not designated for publication). Therefore, because Harvey failed to object to the references made in the State's argument, we conclude that Harvey has forfeited his right to complain about this issue on appeal. *See* TEX. R. APP. P. 33.1; *Mays*, 318 S.W.3d at 394;

*Cockrell*, 933 S.W.2d at 89; *Morris*, 460 S.W.3d at 197; *see also Freeman*, 2015 Tex. App. LEXIS 8515, at *10.

Nevertheless, despite the general rule regarding preservation, Harvey urges this Court to apply the *Almanza* egregious-harm standard to jury-argument complaints. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). This is essentially a fundamental-error argument, which can be waived by failure to object in the trial court. *See Mays*, 318 S.W.3d at 393-94 (concluding that appellant failed to preserve his complaints about "a series of egregiously improper remarks" by not objecting to those arguments at trial); *Morris*, 460 S.W.3d at 197 ("Appellant, however, argues that the jury argument is incurable fundamental error. Even if the State's arguments were incurable and rose to the level that it deprived appellant of his right to due process of law, appellant waived this complaint by failing to object in the trial court."); *see also Freeman*, 2015 Tex. App. LEXIS 8515, at *10 ("Even if the State's arguments were incurable and rose to the level that they deprived Appellant of her right to due process of law, Appellant waived her complaints by failing to object in the trial court."). Therefore, we are not persuaded by Harvey's argument regarding the application of *Almanza*. Based on the foregoing, we overrule Harvey's second issue.

### III.   CONCLUSION

Having overruled both of Harvey's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed September 17, 2015
Do not publish
[CRPM]

